THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* LEE MILLER, Petitioner-Appellant.

First District (5th Division) No. 61964

Opinion filed March 12, 1976.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Kevin Sweeney, and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Petitioner entered a plea of guilty on January 24, 1973, to the offense of armed robbery in violation of section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 18—2) and was sentenced to a term of four years to four years and one day. Although not expressly imposed by the trial court, the sentence included the five-year term of parole mandated by section 5—8—1(e) of the Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, pars. 18—2(b), 1005—8—1(e).) No appeal was taken from that conviction.

On July 29, 1974, petitioner filed a pro se petition for relief under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 et seq.) alleging that his plea of guilty was involuntary in that he was coerced into entering the plea whereas he was not guilty, and that he was identified by the complaining witness through suggestive prelineup procedures. A supplemental post-conviction petition was filed by appointed counsel alleging that petitioner was not admonished as to the mandatory parole term at the change of plea in violation of Supreme Court Rule 402, and that the plea of guilty was involuntary in that the sentence imposed of four years to four years and one day plus five years' parole was not the sentence of only four years to four years and one day promised him at the plea negotiations. The supplemental post-conviction petition was accompanied by a certificate of petitioner's counsel pursuant to Supreme Court Rule 651(c).

The State filed a motion to dismiss the pro se petition on January 9, 1975, which was renewed as to the supplemental petition on January 30, 1975. The motion to dismiss was allowed and petitioner appeals contending that his plea of guilty was involuntary because it was induced by an unfulfilled promise with regard to the length of sentence.

The motion to dismiss the pro se and the supplemental post-conviction petitions alleged that no constitutional issues were raised therein, but that if such issues were raised they were bare allegations which did not require a hearing. The motion was also accompanied by a copy of the transcript of proceedings taken at the change of plea hearing held on January 24, 1973. At that hearing defense counsel represented to the court that defendant (petitioner) desired to withdraw his plea of not guilty in return for a promised sentence of four years to four years and one day. The court admonished petitioner that he had the right to persist in his plea of not guilty and go to trial; that he had the right to

a jury trial; that at a trial he would have the right to confront witnesses against him; and that by pleading guilty he waived these rights. The court confirmed that petitioner had been promised a term of four years to four years and one day in return for a plea of guilty to the charge of armed robbery; advised petitioner that he could be sentenced to a term of four years or more on the charge of armed robbery pursuant to the Unified Code of Corrections which took effect on January 1, 1973; and received a factual basis for the plea of guilty. The court determined that petitioner wished to accept the sentence of four years to four years and one day, a hearing was held in aggravation of the charge, and petitioner was sentenced as noted above.

Petitioner's counsel at the hearing on the State's motion to dismiss the post-conviction petitions argued both points raised in the supplemental petition, admitting, however, that a recent Supreme Court case (presumably *People v. Wills* (1975), 61 Ill. 2d 105) held that Supreme Court Rule 402 did not require an admonishment as to the mandatory parole period prior to the date of that decision. Nevertheless he persisted in the contention that the imposition of the five-year term of parole, in addition to the term of imprisonment, constituted a departure from the sentence promised of four years to four years and one day. The motion to dismiss the post-conviction petitions was sustained, and the petitions were dismissed without an evidentiary hearing.

OPINION

Petitioner contends that his plea of guilty was rendered involuntary by virtue of the unfulfilled promise that in return for his plea of guilty he would be sentenced to a term of four years to four years and one day, by the imposition of the five-year term of parole in addition to the sentence promised and imposed.

The State argues that petitioner did not allege in his petition, nor does he argue on this appeal, that he would not have pleaded guilty to the charge had he been advised of the mandatory parole term or that he was unaware of such statutory requirement prior to entry of his plea of guilty. The State also argues that the *Wills* case controls the instant circumstances, (1) precluding petitioner from contesting the constitutionality of the parole provision inasmuch as he is not yet eligible for parole, and (2) exempting the giving of an admonishment as to mandatory parole prior to the date of that decision.

The mandatory period of parole relates to a term of imprisonment by statutory requirement without regard to whether the period of parole is expressly attached by the sentencing court to the term of imprisonment. It necessarily follows that the period of parole mandated by

section 5—8—1(e) of the Unified Code of Corrections is not a matter of negotiation upon plea bargaining as petitioner's argument would suggest. The mandatory parole period is imposed as though written into the term of imprisonment by the sentencing court, demonstrating that the State has no right to offer withholding of such period as a part of the plea negotiations and that the court has no power to withhold such period in imposing sentence. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e).) Therefore the case of *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, which deals with the question of admonishment as to the mandatory parole period upon a plea of guilty, applies to the instant situation. However, the requirement in *Wills* that a party seeking to enter a plea of guilty to a charge be admonished as to the mandatory period of parole pursuant to Supreme Court Rule 402 does not apply to pleas of guilty entered prior to the date of its rendition, May 19, 1975. (*Wills*, at 111.) Since the instant plea of guilty was entered on January 24, 1973, prior to the date of the *Wills* decision, petitioner was not entitled to an admonishment that a mandatory five-year period of parole would be included as part of his sentence. The trial court therefore properly sustained the State's motion to dismiss the post-conviction petitions without an evidentiary hearing.

Accordingly the judgment entered below is affirmed.

Affirmed.

LORENZ, P. J., and SULLIVAN, J., concur.