UNITED STATES of America ex rel.
Arthur Decar FERRIS,
Petitioner-Appellant,

v.

Fred L. FINKBEINER and State of
Illinois, Respondents-Appellees.

No. 76–1078.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 2, 1976.

Decided March 23, 1977.

As Amended March 30, 1977.

Prof. Charles F. Crutchfield, Prof. Conrad Kellenberg, John Mazza, Law Student, on the brief, Notre Dame, Ind., for petitioner-appellant.

Arthur Decar Ferris, pro se.

William J. Scott, Atty. Gen., James B. Zagel, Victor M. Pilolla, Asst. Attys. Gen., Chicago, Ill., for respondents-appellees.

Before FAIRCHILD, Chief Judge, HASTINGS, Senior Circuit Judge,* and SWYGERT, Circuit Judge.

PER CURIAM.

In May 1974 appellant Arthur Decar Ferris pled guilty to two counts of armed robbery in Illinois Circuit Court. The Illinois State's Attorney had made a plea agree-

---

* The Honorable John S. Hastings heard oral argument and participated in the conference of the court, but died before this opinion was submitted to him for approval.

ment for a sentence of from five to ten years. The state court followed this recommendation and petitioner was sentenced to five to ten years imprisonment. Illinois law, Ill.Rev.Stat. Ch. 38, § 1005–8–3, requires a mandatory parole term of five years at the end of appellant's term of imprisonment.

Appellant, being from California and unfamiliar with Illinois law and procedures, requested advice from the court immediately before entering his plea, concerning a mandatory parole term. In response to appellant's inquiry as to whether he would still be required to "do five years on parole" if he served most of his sentence, the court replied, "I suppose if you serve your ten years, I suppose that's it." After some discussion of consecutive and concurrent sentences, the court concluded, "I am sure if you serve the full ten years that would be the end of it, it would seem to me." Appellant then pled guilty.

Appellant sought postconviction relief in Illinois state courts on the ground that the judge had misinformed him regarding the mandatory parole term. When relief was denied, he brought this habeas corpus petition in the district court for the Southern District of Illinois. Appellant alleges that he would not have pled guilty had he correctly understood the requirement of the mandatory parole term.

The district judge at first dismissed the petition stating:

> Petitioner is apparently under the belief that the conditions of parole apply even after service of the ten-year maximum sentence. He is mistaken in this regard on the Illinois law. See Ill.Rev.Stat. ch. 38, 1003–3–9. This part of the petition must be dismissed because it is mistaken and thus frivolous.

On a motion to reconsider, the district judge denied the relief and concluded that appellant's constitutional rights had not been violated, although he observed:

> The State's Attorney of Rock Island County and the trial court were apparently as unfamiliar with its provisions in 1974 as this court was when the original

order was issued herein. Prisoners in Illinois are subject to an automatic parole term following their release, regardless of whether they have served the maximum term.

The position of the court was that the ten year plea agreement will not have been breached until the actual total exceeds ten years:

> Only when his incarceration and parole term actually do exceed 10 years may it be said that the promise has been broken.

Thus, the court concluded that there was no showing of a present injury.

■ This court's recent decision in *United States ex rel. Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977), controls the result in this case. In *Baker* the habeas corpus petitioner received concurrent one to two year and one year sentences in Illinois state court pursuant to a plea agreement. He was never told of a mandatory two year parole term required by Illinois law under the same section involved in the instant case. Because the petitioner had not been informed of the parole term at the time that he entered the guilty plea, the resulting sentence was not that for which he had agreed to plead guilty. We held that he had in fact been substantially prejudiced by the additional parole term, and that due process notions of fundamental fairness required that he receive the benefit of the bargain he had struck.

In the instant case the circumstances are similar, perhaps even more compelling. Appellant has also not received the benefit of the plea agreement made. He was not merely uninformed of the mandatory parole, but was affirmatively misinformed by the state court when he sought an explanation. Even the district judge displayed confusion as to the application of the Illinois provision. Because, as a result, he did not receive what he had agreed to in exchange for his guilty plea, appellant was substantially prejudiced by the five year term and his due process rights were violated.

■ Appellees argue that it is too early to find prejudice before appellant has

served the full ten year term. The mere fact that appellant faces an additional five year parole term with its attendant restrictions, which he did not agree to, is sufficient prejudice. This court's decision in *Bachner v. United States*, 517 F.2d 589 (7th Cir. 1975), is not relevant to this case, since it did not involve a plea agreement and, moreover, it applies only, as *Baker* points out, when the actual consequences of the plea are not more dire than the defendant has been told they would be.

Since Ferris has substantially begun performing his side of the bargain, it would not be fair to vacate the plea and require him to go through the procedure anew. Fundamental fairness can be had by limiting his term of custody to that portion of the sentence which comports with the bargain made.

The judgment of the district court is REVERSED.