THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellant, *v.*
DONALD REESE, Petitioner-Appellee.

Fifth District   No. 77-325

Opinion filed November 30, 1978.

G. MORAN, J., dissenting.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Dennis S. Waks, Assistant Public Defender, of Murphysboro, and Richard J. Habiger, of Prison Legal Aid, of Carbondale, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The State appeals from an order of the circuit court of Jackson County releasing defendant, Donald Reese, from the custody of the Illinois Department of Corrections.

The circuit court found that defendant's guilty plea was unfairly induced in violation of his due process rights because he was not admonished during the plea negotiations of the three year mandatory parole term which attached by operation of law to his negotiated one- to three-year term of imprisonment. (*United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180; *United States ex rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F.2d 185.) The court's release order purports to be made pursuant to both the Illinois Habeas Corpus Act (Ill. Rev. Stat. 1977, ch. 65, par. 1 *et seq.*) and the Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*).

The issue on appeal is whether the circumstances surrounding the plea, including the failure to admonish Reese of the mandatory parole term, rendered his plea unintelligent and involuntary.

On December 14, 1973, defendant, then 17 years old, pleaded guilty to one offense of burglary pursuant to a plea agreement. The plea agreement contemplated defendant's entry of a guilty plea in the expectation that a specified sentence would be imposed and that other charges before the court would be dismissed. Prior to hearing the terms of the plea agreement, the court indicated that if it did not concur in the recommended sentence, defendant would be allowed to withdraw his guilty plea.

The terms of the plea agreement, as stated by the assistant State's Attorney, were that the State "would recommend that the defendant be sentenced to not less than one year as a minimum nor more than three years as a maximum to the Illinois Department of Corrections on the plea of guilty" and that the court dismiss three pending charges of misdemeanor theft, burglary and felony theft. The defense attorney agreed that this was the negotiation, and defendant indicated that he had nothing to add. The court then sentenced defendant in accord with the plea agreement.

■■ Defendant was not informed during the plea proceedings of the mandatory parole term which would attach to his sentence of imprisonment. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)(2).) Nevertheless, he was fully admonished in conformity with Supreme Court Rule 402(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)) as then interpreted. Trial courts were not required by that rule to admonish the defendant of the mandatory parole term prior to May 19, 1975. *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied* (1975), 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430; *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559.

The proceedings conformed in all other respects with Rule 402 with the exception that the court failed to question defendant whether any force, threats or promises, apart from the plea agreement, were used to obtain his plea of guilty.

The defendant was released from the penitentiary and placed on parole on November 27, 1974. He was subsequently reincarcerated as a parole violator on July 2, 1976. In February of 1977, defendant commenced a collateral attack upon the judgment which culminated in a hearing on his supplemental petition, which pleaded in the alternative for a writ of habeas corpus or post-conviction relief.

Defendant submitted his own affidavit in support of the supplemental petition. In the affidavit, defendant stated that as he understood it, the negotiated agreement required him to serve a maximum of three years in prison for his guilty plea, that before his guilty plea was accepted he was not told by the court, the State's Attorney or his own attorney of any mandatory period of parole to which he would be subject, that he was, in fact, unaware of any such period of parole and that he would not have pleaded guilty had he known his maximum period of potential incarceration was six years rather than three years.

At the time of the hearing, defendant was incarcerated solely on the basis of the mandatory parole term. After hearing arguments of counsel, the instant release order was entered.

We note at the outset that the appropriate Federal courts and our State courts have taken divergent positions with respect to the making of guilty pleas in the absence of admonishment as to the mandatory parole term.

The leading State court case is *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, decided by our supreme court. In *Wills*, the court held that Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1977, ch. 110A, par. 402(a)(2)):

> "* * * requires that a defendant be admonished that the mandatory period of parole pertaining to the offense [Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)] is a part of the sentence that will be imposed and that he can be held subject to the jurisdiction of

the Parole and Pardon Board for a period of time equal to the maximum term of imprisonment provided in the indeterminate sentence and the parole term." (61 Ill. 2d 105, 109, 330 N.E.2d 505, 508.)

However, indicating that this was a procedural change involving no constitutional issue or standard, the court declared in its supplemental opinion that the admonishment would merely apply prospectively to guilty pleas taken after May 19, 1975. (61 Ill. 2d 105, 111, 330 N.E.2d 505, 509.) With respect to guilty pleas taken before that date, the failure to admonish a defendant concerning the mandatory parole term is only a factor to be considered in determining whether a plea of guilty was voluntarily and intelligently made as required by *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, and *People v. Reeves* (1971), 50 Ill. 2d 28, 276 N.E.2d 318. See also *People v. Cox* (1976), 44 Ill. App. 3d 945, 358 N.E.2d 1313; *People v. Bosse* (1975), 32 Ill. App. 3d 422, 336 N.E.2d 216.

On the other hand, in *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180, the United States Court of Appeals for the Seventh Circuit granted a Federal writ of habeas corpus to an Illinois State prisoner who pleaded guilty prior to May 19, 1975, without the benefit of an admonishment as to the mandatory parole term. (See also *United States ex rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F.2d 185; *United States ex rel. Williams v. Morris* (N.D. Ill. 1978), 447 F. Supp. 95; *United States ex rel. Caban v. Rowe* (N.D. Ill. 1978), 449 F. Supp. 360.) The court held that since the defendant was given a substantially more onerous sentence than he had been promised (two-year parole term on top of one- to two-year prison term), his guilty plea had been unfairly induced in violation of the due process clause of the Fourteenth Amendment. In other words, his guilty plea was involuntary since he lacked a full understanding of the consequences of his plea.

The irrevocability of this split is demonstrated by the opinion of *United States ex rel. Williams v. Morris.* In that case, the United States District Court for the Northern District of Illinois circumvented the rule that Federal courts are precluded from considering Federal habeas corpus petitions by State prisoners unless the prisoner has exhausted his State remedies, finding that pursuit of State remedies would be futile since Illinois State courts have consistently refused to grant relief to criminal defendants who pleaded guilty prior to May 19, 1975, and were not advised of the mandatory parole term. 447 F. Supp. 95, 97-99.

■■ We are required to follow the opinion of our supreme court rather than the Federal court of appeals. Since defendant's plea was entered prior to the effective date of *Wills,* we must review the entire record to

determine if Reese voluntarily and intelligently entered his plea of guilty. *People v. Bosse*; *People v. Cox*.

■■■ Before examining the circumstances surrounding the taking of the plea, we find that the trial court erred in grounding the release order on the State Habeas Corpus Act (Ill. Rev. Stat. 1977, ch. 65, par. 1 *et seq.*). A petition for a writ of habeas corpus may not be used as a substitute for a direct review of a judgment which is not void even though the error involves a denial of constitutional rights. (*Hughes v. Kiley* (1977), 67 Ill. 2d 261, 367 N.E.2d 700; *Long v. Israel* (1977), 56 Ill. App. 3d 14, 371 N.E.2d 873.) The writ is authorized only where the judgment is void because the trial court which entered the judgment lacked jurisdiction of the person or subject matter or where a post-conviction occurrence entitles a prisoner to release. (*Hughes v. Kiley*; *Long v. Israel*; *People ex rel. Jenkins v. Department of Corrections* (1975), 32 Ill. App. 3d 147, 336 N.E.2d 385.) Since a failure to admonish an accused concerning the mandatory parole term is not jurisdictional (*People ex rel. Jenkins v. Department of Corrections*), and the defendant was lawfully imprisoned due to a parole violation that occurred during his mandatory parole term, defendant's supplemental petition was not within the scope of the Habeas Corpus Act. *Long v. Israel.*

Defendant directs our attention to the following circumstances which he claims render his plea unintelligent and involuntary: (1) the failure to admonish him as to the parole term; (2) the fact that he was unaware of it from any source; (3) the court's failure to fully comply with Supreme Court Rule 402(b); and (4) his young age.

Circumstances 1, 2 and 4 are duplicative of one another. They simply present the question whether a defendant's lack of knowledge of the mandatory parole term renders his plea unintelligent and involuntary. Our courts have consistently held that such lack of knowledge is insufficient in itself to warrant relief on appeal. (*E.g., People v. Bosse.*) This is true because the mandatory parole term is a constant which cannot be affected by the defendant, the State or the trial court. (See *People v. Miller* (1976), 36 Ill. App. 3d 943, 344 N.E.2d 760.) It attaches by operation of law to sentences imposed upon a trial verdict as well as upon a guilty plea. For this reason, it cannot play a significant role in an accused's decision to plead guilty, self-serving statements to the contrary notwithstanding.

Essentially, when an accused decides to engage in plea negotiations, he has assumed that he would be found guilty if he went to trial. What he is interested in is getting the lowest possible sentence. As a result of the instant plea agreement, defendant did receive the minimum sentence of imprisonment possible.

■■ We have already noted that the plea proceedings were conducted in compliance with Supreme Court Rule 402 in all respects except for the court's failure to inquire whether any force, threats or promises, apart from the plea agreement, were used to obtain defendant's plea of guilty. (Ill. Rev. Stat. 1973, ch. 110A, par. 402(b).) The defendant does not allege that any of these things occurred. Under these circumstances, we find that the defendant voluntarily and intelligently entered his guilty plea and that there was substantial compliance with Supreme Court Rule 402.

The trial court found in its order that "[t]he sentence promise made to DONALD REESE was unfulfilled and was, in fact, legally unfulfillable due to the automatic attachment of the 'Mandatory Parole' term. *Santobello v. New York* [(1971),] 404 U.S. 257, [30 L. Ed. 2d 427, 92 S. Ct. 495] * * * ." The defendant claims that he entered his plea of guilty in reliance on the promise that he would be sentenced to a term of imprisonment of one to three years.

After examining the record, we find that this finding was against the manifest weight of the evidence. There is no indication in the record that the State ever promised as part of the negotiation that defendant would not be subject to a parole term or that he would be immune from reincarceration if he violated his conditions of parole. The State merely agreed to recommend that defendant receive the minimum indeterminate sentence of imprisonment possible for the offense of burglary. The State made the recommendation and defendant was sentenced in conformity with it. The State has fulfilled its portion of the plea agreement.

For the foregoing reasons, the judgment of the circuit court of Jackson County is reversed and this cause is remanded with directions that a judgment be entered which is consistent with this opinion.

Reversed and remanded.

KARNS, J., concurs.

G. J. MORAN, J., dissents.