*In re* R. B., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* R. B., Respondent-Appellant.)

Second District   No. 78-250

Opinion filed February 27, 1980.

Mary Robinson, of State Appellate Defender's Office, of Elgin, for appellant.

William E. Sisler, State's Attorney, of Freeport (Phyllis J. Perko and Barbara A. Preiner, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The State's Attorney of Stephenson County filed a petition for adjudication of wardship on December 29, 1977, charging that R. B. was delinquent. The petition alleged that R. B. had committed five offenses, specifically two thefts, a burglary, resisting a police officer and contributing to the sexual delinquency of a child. A supplemental petition was filed on January 13, 1978, in which R. B. was charged with an additional theft.

A preliminary hearing was held in the matter on January 23, 1978. At that time, the State informed the court that plea negotiations had been held. As a result, the State was prepared to dismiss three of the six charges, in return for which the minor would enter admissions to the remaining three charges.

The court questioned the respondent-minor to admonish him as to his rights and to ascertain that he understood each of the charges which he proposed to admit. Those charges were: (1) theft of a CB radio microphone, valued at less than $150; (2) burglary of the home of Pearl Thomas, and (3) theft of property of Pearl Thomas valued at less than $150. The court also specifically explained to the respondent that if he admitted the charges, he could be committed to the Juvenile Division of the Illinois Department of Corrections, which could in turn place him in a program or institution "until you reach the age of 21 of [sic] for five years, whichever would be the less." R. B. indicated that he understood the admonitions and following the explanation of same by the court, waived the right to trial, to confront witnesses, to be found guilty beyond a reasonable doubt, to subpoena witnesses, and to remain silent.

After a factual basis for the petition was established, the court accepted the admissions, found respondent delinquent and adjudicated him a ward of the court. A dispositional hearing was held on February 15,

1978. After hearing testimony and arguments of counsel, the court found that in the best interest of the People and the minor, R. B. should be committed to the Illinois Department of Corrections, Juvenile Division. The minor was granted leave to file a late notice of appeal.

The issue presented by the minor on appeal is whether his admissions were involuntary because he was misinformed by the judge as to the length of the incarceration that might result therefrom.

As correctly pointed out by respondent, the Juvenile Court Act imposes no upper limit on the length of commitment of a minor placed with the Illinois Department of Corrections other than the attainment of the age of 21. (Ill. Rev. Stat. 1977, ch. 37, pars. 705—10 and 705—11.) It is possible the source of the judge's error in so admonishing the respondent was section 5—3(1) of the Juvenile Court Act which provides that a "period of probation or conditional discharge shall not exceed 5 years or until the minor has attained the age of 21 years, whichever is less." (Ill. Rev. Stat. 1977, ch. 37, par. 705—3(1).) Since respondent was 15 years three months old at the time of disposition, the actual maximum potential length of his sentence was five years and nine months, not five years.

Respondent, citing *In re Beasley* (1977), 66 Ill. 2d 385, concedes that although Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402) does not apply to juvenile proceedings, a judge who undertakes to admonish a minor as to the maximum length of commitment which may be imposed as a result of his admissions must do so correctly. Respondent contends that the judge's erroneous admonition in this case rendered his admissions to the three charges involuntary, requiring vacation of the adjudication of delinquency and the consequent disposition, and re-mandment for new proceedings.

We do not agree the admissions were thusly rendered involuntary, and we reject respondent's contention that the adjudication and disposition should be vacated.

Respondent relies on *United States ex rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F.2d 185, wherein the petitioner was granted Federal habeas corpus relief because he was affirmatively misinformed by the court regarding the mandatory parole term he would be required to serve. Petitioner had entered into a plea agreement for a sentence of from five to 10 years, and the court complied with the agreement in sentencing him. Prior to entering his plea, however, petitioner inquired of the court "whether he would still be required to 'do five years on parole' if he served most of his sentence, [and] the court replied, 'I suppose if you serve your ten years, I suppose that's it.' " Following some further discussion, "the court concluded, 'I am sure if you serve the full ten years that would be the end of it, it would seem to me.' Appellant then pled guilty." *Ferris*, at 186.

The *Ferris* court reversed the district court and granted petitioner habeas corpus relief by limiting his term of custody to that portion of the sentence which comported with the bargain that he made. The court's decision was controlled by the underlying principle and reasoning found in *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180, wherein the petitioner pleaded guilty pursuant to an agreement and received concurrent one- to two-year and one-year sentences. At the time of his plea, petitioner was not informed of the mandatory two-year parole terms he would be required to serve by Illinois law. The court found that the resulting sentence was not the one for which he had agreed to plead guilty. The court held that he had been substantially prejudiced by the additional parole term, and determined that fundamental fairness required that he should receive the benefit of the bargain he had struck.

We find the rationale in these two cases does not require reversal of the lower court's adjudication and disposition in the case at bar for two reasons: First, both cases dealt with the entry of a guilty plea by an adult and second, in each case the term of sentence was the basis of the plea agreement entered into.

■■ The instant case involved admissions of guilt by a minor in a juvenile proceeding which, by statute, is noncriminal in nature. (Ill. Rev. Stat. 1977, ch. 37, par. 702—9.) *Beasley* (cited above) makes it abundantly clear that a juvenile admission of guilt, although entitled to protection at least equal to that constitutionally required for the making of a guilty plea, is not the same as an adult guilty plea. Once a guilty plea is entered, "* * * nothing remains but to give judgment and determine punishment." (*Boykin v. Alabama* (1969), 395 U.S. 238, 242, 23 L. Ed. 2d 274, 279, 89 S. Ct. 1709, 1711-12; *Beasley*, at 390.) In contrast, an admission authorizes the court to find the minor to be delinquent, but the court may then dismiss the petition and discharge the minor. (Ill. Rev. Stat. 1977, ch. 37, par. 704—8(1).) Accordingly, Supreme Court Rule 402 covering admonitions to the defendant prior to the acceptance of a guilty plea is not, as such, applicable to admissions made in juvenile proceedings. If it is apparent from the record that the minor was aware of the consequences of his admissions; that is, that he understood his right against self-incrimination, his right to confront his accusers, his right to a trial and that by his admissions he waived these rights and gave the court authority to enter a disposition permitted by the Juvenile Court Act, then the requirements of due process have been sufficiently satisfied. (*Beasley*, at 392.) Our examination of the record in the case at bar convinces us that the judge comported precisely with these requirements of due process and that the respondent's admissions were voluntarily and intelligently made.

■■ We point out that in none of the three cases covered by *Beasley* was

the minor admonished as to the potential or actual length of confinement which might be imposed, nor do we consider that such an admonition is a requirement of due process in a juvenile proceeding. Respondent contends, however, that his admissions in the case at bar were rendered involuntary because the court did attempt to so admonish him and did it incorrectly. Although we must agree in principle that an admonition, when given, should be given correctly, we cannot agree that the misstatement resulted in the automatic conversion of the respondent's voluntary admissions to involuntary ones. Respondent gave his admissions of guilt voluntarily in exchange for the State's agreement to drop three of the six charges pending against him, not in exchange for any specific length of confinement. If the basis of the bargain had been the length of confinement, a different result conceivably might be reached. However, we are confident respondent has received the benefit of the bargain he struck, and due process notions of fundamental fairness require no more.

The judgment of the circuit court of Stephenson County is affirmed.

Judgment affirmed.

SEIDENFELD and LINDBERG, JJ., concur.