THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GREG A. MORGAN, Defendant-Appellant.

Fourth District   No. 4—84—0131

Opinion filed October 16, 1984.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield, and Edmond H. Rees, State's Attorney, of Carlinville, for the People.

JUSTICE WEBBER delivered the opinion of the court:

The defendant was charged by information in the circuit court of Macoupin County with three counts of theft, three counts of burglary, and two counts of residential burglary in violation of sections 16—1, 19—1, and 19—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, pars. 16—1, 19—1, and 19—3). He pleaded guilty to one count of residential burglary and one count of burglary. Pursuant to a plea agreement, defendant was sentenced to two concurrent seven-year prison terms, and all of the other charges were dismissed. While incarcerated, defendant learned that a period of mandatory supervised release would also attach to his sentence. He now claims that the mandatory supervised release period was not included in the plea agreement that he negotiated with the State's Attorney. He asks this court to grant specific performance of his alleged plea agreement and thereby to vacate the term of mandatory supervised release.

Since defendant does not contest his convictions, a detailed recita-

tion of the facts is unnecessary here. Defendant originally pleaded not guilty to all of the charged offenses. On July 7, 1983, he was brought before the circuit court of Macoupin County for the purpose of presenting a negotiated plea. The State's Attorney stated that the defendant would plead guilty to one count of burglary and one count of residential burglary, and the other six charges would be dismissed. The State's Attorney further stated that defendant would be sentenced to two concurrent seven-year prison terms, that he would provide information to the Macoupin County sheriff concerning other occurrences, and that he would attempt to make restitution to the victims of his crimes. Defendant agreed that this was an accurate statement of the plea agreement.

The court then admonished the defendant pursuant to Supreme Court Rule 402 (87 Ill. 2d R. 402). Before it outlined the penalties for burglary, the circuit court advised the defendant to pay close attention. The court stated the penalties for burglary as:

> "Not less than three nor more than seven years in the penitentiary. If sent to the penitentiary upon your release from the penitentiary *you would be under mandatory supervised release for a period of two years. And, mandatory supervised release is what we used to call parole.* You're out of the penitentiary but you're living under certain restrictions." (Emphasis added.)

The court also stated that probation and periodic imprisonment were sentencing alternatives. The court then asked if the defendant understood "the possible penalties under the law for pleading guilty or being found guilty" of burglary, and the defendant responded affirmatively. Defendant was given a similar admonishment in regard to the crime of residential burglary. The court went on to admonish him of his right to a jury trial and the fact that a guilty plea served to waive that right. The court found a factual basis for the plea and that it had been entered into voluntarily. When asked if he understood the effect of his plea, defendant answered that he would receive two concurrent seven-year terms in the penitentiary as a result. The court then accepted defendant's guilty plea and sentenced him "pursuant to the negotiated plea."

Defendant filed a *pro se* motion to withdraw his guilty plea on August 3, 1983. A hearing on the motion was held on December 29, 1983, at which defendant asked the court not to vacate his guilty plea, but instead to merely vacate the term of mandatory supervised release, since he had not agreed to that term. Defendant admitted that he was admonished of the fact that he would be subject to mandatory supervised release upon his completion of a prison term. However, he

did not believe this admonition applied to his negotiated sentence. After allowing both counsel to submit authorities, the court denied defendant's motion on February 6, 1984.

On appeal, defendant does not seek to withdraw his guilty plea. Instead, he requests this court to grant specific performance of his plea agreement which, he alleges, did not include a term of mandatory supervised release upon his release from prison.

■■■ The defendant's contention must fail. Section 5—8—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(d)) states that, except where a term of natural life is imposed, "every sentence shall include" a term of mandatory supervised release in addition to the term of imprisonment, "as though written therein." The courts of this State have interpreted this section to mean that the term of mandatory supervised release is indeed mandatory and its imposition cannot be affected by the defendant, the State, or the courts. (*People v. Reese* (1978), 66 Ill. App. 3d 199, 383 N.E.2d 759; *People v. Miller* (1976), 36 Ill. App. 3d 943, 344 N.E.2d 760.) "It attaches by operation of law to sentences imposed upon a trial verdict as well as upon a guilty plea." (66 Ill. App. 3d 199, 203, 383 N.E.2d 759, 762.) The term of mandatory supervised release is not a matter for negotiation during plea bargaining. *People v. Miller* (1976), 36 Ill. App. 3d 943, 344 N.E.2d 760.

For purposes of clarity we have divided defendant's contentions into two parts. He first maintains that the term of mandatory supervised release was not part of his bargain with the State's Attorney. As has already been stated, this is not a matter affected by negotiations. Even assuming *arguendo* that the State's Attorney had for some unfathomable reason stated that he would waive mandatory supervised release, this would not bind the trial judge, whose role is paramount in the area of pleas of guilty. Under Supreme Court Rule 402(d)(3) (87 Ill. 2d R. 402(d)(3)), if the trial judge has not indicated his concurrence in the plea, he will so inform the defendant and, if the defendant persists in his plea, the disposition may be different. To put the matter another way, the trial judge has the last and only significant vote in matters of pleas of guilty.

Defendant's second contention is that although he was admonished at the time of the plea concerning mandatory supervised release, that admonition did not apply to the sentence. We have difficulty in comprehending the argument. The record discloses that the presentation of the negotiated plea and the imposition of sentence were all one proceeding. No hiatus occurred for the purpose of preparing an investigatory report. The record also discloses that in addi-

tion to the recital set forth above, on three more occasions the trial court admonished the defendant concerning mandatory supervised release. It was an integral part of the whole proceeding. While it is true that the trial court did not specifically set forth the number of years of imprisonment and the number of years of supervised release in pronouncing sentence, his statement that the defendant was sentenced "pursuant to *the* negotiated plea" (emphasis added) was an incorporation by reference of all that had preceded, including the four statements regarding supervised release. Once again we emphasize that it is the statements and colloquy of the trial judge which constitute a negotiated plea. Defendant's arguments border on legal hairsplitting and are without merit.

Defendant also relies on a series of Federal cases which have dealt with this subject. Initially, we note that these decisions are not binding upon us. (*People v. Cosey* (1978), 66 Ill. App. 3d 670, 384 N.E.2d 95; *People v. Reese* (1978), 66 Ill. App. 3d 199, 383 N.E.2d 759.) In any event, they are readily distinguishable in that in none of them was the defendant admonished by anyone concerning mandatory supervised release.

In *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180, the court granted a writ of *habeas corpus* to the incarcerated defendant, saying:

"Neither the judge, the prosecutor, nor Baker's attorney told Baker during the hearing that a two year parole term following his prison term was statutorily required to be part of the sentence." 551 F.2d 180, 182.

Similarly in *United States ex rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F.2d 185, the court, relying on *Baker*, stated:

"Appellant, being from California and unfamiliar with Illinois law and procedures, requested advice from the court immediately before entering his plea, concerning a mandatory parole term. In response to appellant's inquiry as to whether he would still be required to 'do five years on parole' if he served most of his sentence, the court replied, 'I suppose if you serve your ten years, I suppose that's it.' After some discussion of consecutive and concurrent sentences, the court concluded, 'I am sure if you serve the full ten years that would be the end of it, it would seem to me.' Appellant then pled guilty." 551 F.2d 185, 186.

In *United States ex rel. Johnson v. DeRobertis* (7th Cir. 1983), 718 F.2d 209, the court cited *Baker*, but set aside a summary judgment and remanded for determination of the factual question as to whether

any plea agreement had been reached.

The difference between these Federal cases and the case at bar is so obvious as to require no further comment.

The trial court's admonitions were succinct and complete, including the matter of mandatory supervised release. There is no basis for our interference. The judgment and sentence of the circuit court of Macoupin County are therefore affirmed.

Affirmed.

MILLS, P.J., and GREEN, J., concur.