*In re* T.D.D. (The People of the State of Illinois, Petitioner-Appellee, v. T.D.D., Respondent-Appellant).

Fourth District   No. 4—86—0370

Opinion filed January 29, 1987.—Rehearing denied February 24, 1987.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On July 3, 1985, the Champaign County circuit court adjudicated the minor respondent delinquent and subsequently placed the minor respondent on 12 months' probation. Prior to expiration of respondent's probation, the Champaign County State's Attorney filed a petition to revoke probation alleging the minor had committed 15 criminal offenses. The minor subsequently admitted and stipulated to two counts of the petition. In return for the respondent's admission, the State's Attorney did not pursue the remaining 13 counts. On appeal, the respondent claims that because the circuit court erroneously informed him he could remain committed to the Department of Correc-

tions only until age 17, his admission was not knowingly and understandingly entered.

Prior to accepting the respondent's offer to admit and stipulate, the court outlined the nature of the allegations against the respondent and admonished him of his rights to trial, to cross-examine the State's witnesses, and to call witnesses on his own behalf. The court also admonished respondent that possible sanctions could include removal from his present home, placement in a foster home, placement in a boys' home, commitment to the Illinois Department of Corrections, Juvenile Division, "until you are 17 years of age," probation, or court supervision. The respondent stated that he understood his right to trial and denied that any force or threat had prompted him to admit and stipulate to the remaining allegations of the petition. After hearing a factual basis for the charges, the court accepted the respondent's offer to admit and stipulate. Subsequently, the court ordered respondent committed to the Illinois Department of Corrections, Juvenile Division.

The trial judge's admonition that respondent could be committed until age 17 was incorrect. Respondent could be confined in the Illinois Department of Corrections, Juvenile Division, until he attains 21 years of age. The question presented is whether the court's erroneous admonition rendered respondent's admission involuntary.

■ A juvenile's offer to admit and stipulate to a petition in a delinquency proceeding must be intelligent and voluntary. Although the record need not recite a litany of waived rights, it must affirmatively show the juvenile is aware of the consequences of the admission. *In re Beasley* (1977), 66 Ill. 2d 385, 362 N.E.2d 1024, *cert. denied* (1978), 434 U.S. 1016, 54 L. Ed. 2d 761, 98 S. Ct. 734.

In *In re R.B.* (1980), 81 Ill. App. 3d 462, 401 N.E.2d 568, the appellate court applied *Beasley* to circumstances quite similar to those in the present case. In *R.B.* the trial court accepted a juvenile's admission and stipulation after admonishing him of the consequences of that action. However, the court erroneously informed the minor respondent that he could be committed to the Department of Corrections for 5 years or until age 21, whichever was shorter. In affirming the trial court's disposition, the appellate court agreed with the respondent that admonitions should be factually correct. Nevertheless, the court concluded that unless the length of the respondent's sentence was the basis for entering into the agreement to admit and stipulate, misstatements as to the possible length of commitment did not automatically render an admission involuntary. Because the appellate court determined that *R.B.* did not admit and stipulate to three

charges in order to obtain a specific disposition, it affirmed the trial court.

Like the respondent in *R.B.*, the present respondent agreed to admit and stipulate to some allegations in the petition to revoke probation in return for the State's dismissal of the remaining counts.

█ The circuit court extensively admonished the respondent of the consequences of his offer to admit and stipulate. The court did misstate the possible length of commitment to the Department of Corrections, Juvenile Division, but the admonitions otherwise comply with the standard set forth in *Beasley*. Applying the analysis of the court in *R.B.*, we do not believe the trial court's erroneous statement as to potential time in the Department of Corrections rendered the respondent's admission involuntary because respondent's admission was not dependent on obtaining a particular disposition.

Any error in admonishing the respondent of the potential consequences of his admission and stipulation was harmless. Accordingly, we affirm the circuit court's order committing respondent to the Illinois Department of Corrections, Juvenile Division.

Affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.