**Michael NANCE, Plaintiff,**

v.

**Michael LANE, et al., Defendants.**

**No. 86 C 7062.**

United States District Court,
N.D. Illinois, E.D.

April 14, 1987.

Michael J. Nance, pro se.

Arthur Zaban, Moshe Jacobius, Asst. Attys. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

Plaintiff Michael Nance brings this *pro se* action pursuant to 42 U.S.C. §§ 1983 and 1985(3) seeking damages for the claimed violation of his constitutional rights. Named as defendants are Michael Lane, Director of the Illinois Department of Corrections ("IDOC"), and unknown employees of the IDOC. Before the Court is Lane's motion to dismiss.

Plaintiff alleges the facts as follows.[1] On March 1, 1978, plaintiff pled guilty to a charge of armed robbery and was sentenced pursuant to a plea agreement to a term of four years minimum to four years and one day maximum. On January 24,

1980, upon completion of the maximum term, plaintiff was placed on a three-year term of mandatory supervised release ("MSR").[2] The sentencing order of March 1, 1978, did not provide for MSR. While on MSR, plaintiff was arrested on August 8, 1980, and charged with armed robbery. He was not entitled to be considered for bail,[3] an entitlement he would have possessed if he had not been on MSR at the time of his arrest. On January 14, 1981, plaintiff was convicted of the offense for which he had been arrested and was returned to prison.

On the basis of these allegations, plaintiff asserts that defendants unlawfully forced him to serve the MSR term and, as a consequence, he was ineligible for release on bail. For the reasons which follow, Lane's motion to dismiss is granted.

## I. STATUTE OF LIMITATIONS

In Illinois, a plaintiff whose § 1983 cause of action accrued before April 17, 1985, must file suit within five years from the date his action accrued or by April 17, 1987, whichever date is sooner. *Anton v. Lehpamer*, 787 F.2d 1141, 1146 (7th Cir. 1986). In the present case, plaintiff alleges that defendants violated § 1983 by imposing the MSR term on him. If this were true, plaintiff's cause of action would have accrued on January 24, 1980, the date of his release from prison and placement on MSR. Since plaintiff had notice on January 24, 1980, of his obligation to serve the MSR term, under *Anton*, the limitations period for filing suit ended on January 24, 1985. This action, commenced on September 18, 1986, is therefore time-barred.

Plaintiff's contention that the statute of limitations was tolled under Ill.Rev.Stat. ch. 83, ¶ 22 (1979) (current version at ch.

---

1. *See* Complaint with Exhibits; Affidavit as Answer to Defendant's Motion to Dismiss.

2. *See* Ill.Rev.Stat. ch. 38, ¶ 1005–8–1(d) (1979). That section provides:

   Except where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment. For those sentenced under the law in effect prior to [February 1, 1978],

   such term shall be identified as a parole term. For those sentenced on or after [February 1, 1978], such term shall be identified as a mandatory supervised release term.

3. *See* Ill.Rev.Stat. ch. 38, ¶ 1003–14–2 (1979); *People ex rel. Johnson v. Pate*, 47 Ill.2d 172, 174–75, 265 N.E.2d 144, 146 (1970), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1679, 29 L.Ed.2d 141 (1971).

110, ¶ 13–211 (1985)), is without merit. Under ¶ 22, where a plaintiff is imprisoned from the date of his arrest (at which time a deprivation of civil rights occurred), he may bring a § 1983 action within two years after the disability is removed. *Hurst v. Hederman,* 451 F.Supp. 1354 (N.D.Ill. 1978). *See also Thompson v. Uldrych,* 632 F.Supp. 279 (N.D.Ill.1986). Plaintiff herein was not incarcerated from the date his cause of action accrued and therefore cannot take advantage of the tolling provision.

## II.   42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege the deprivation of some right secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Plaintiff in the instant case claims that defendants infringed his constitutional rights by forcing him to serve an MSR term that was not part of his sentencing order.

In *United States ex rel. Baker v. Finkbeiner,* 551 F.2d 180 (7th Cir.1977), the Seventh Circuit held that a guilty plea is unfairly induced in violation of due process if a criminal defendant is required to serve a mandatory parole term that constitutes a substantial addition to the sentence he was promised. Whether or not the allegations of the present complaint are sufficient to state a claim for relief under *Baker,* it is clear that defendants herein did not violate plaintiff's constitutional rights. Plaintiff's plea agreement was negotiated presumably by plaintiff's attorney and the prosecutor and ratified by the trial judge. Defendants were not involved in those proceedings. Therefore, they cannot be held responsible for any constitutional deprivation that may have occurred at that time. *See Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir.1982).

■ Nor are defendants liable in damages for imposing the MSR term on January 24, 1980, or for plaintiff's consequent ineligibility for bail. Ill.Rev.Stat. ch. 38, ¶ 1005–8–1(d) (1979), states that, "[e]xcept where a term of natural life is imposed, every sentence shall include" a term of mandatory supervised release in addition to the term of imprisonment *"as though written therein."* (Emphasis added.) Illinois courts have consistently interpreted ¶ 1005–8–1(d) to mean that the MSR term is indeed mandatory, and its imposition cannot be affected by the criminal defendant, the State or the courts. *People v. Morgan,* 128 Ill.App.3d 298, 83 Ill.Dec. 698, 470 N.E.2d 1118 (4th Dist.1984). The MSR term attaches by operation of law to sentences imposed upon a trial verdict as well as upon a guilty plea. *See People v. Reese,* 66 Ill.App.3d 199, 203, 22 Ill.Dec. 951, 954, 383 N.E.2d 759, 762 (5th Dist.1978). The term of MSR is not a matter for negotiation during plea bargaining. *People v. Morgan,* 128 Ill.App.3d 298, 300, 83 Ill.Dec. 698, 700, 470 N.E.2d 1118, 1120 (4th Dist. 1984).

■ Thus, according to Illinois law, the sentencing order of March 1, 1978, included a three-year MSR term as though it was written therein. The term attached to plaintiff's sentence by operation of law. Defendants were merely complying with the sentencing order, ¶ 1005–8–1(d) and cases interpreting that section when they imposed the MSR term upon plaintiff.

■ Furthermore, Lane, as a public official acting pursuant to a facially valid court order, enjoys the immunity possessed by the judge who entered the order. *See Partee v. Lane,* 528 F.Supp. 1254, 1259 (N.D.Ill.1981). A judge is absolutely immune from liability in damages for actions taken within his judicial capacity. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Therefore, Lane is absolutely immune from damages liability.

## III.   42 U.S.C. § 1985(3)

■ The requirements for a cause of action under § 1985(3) are a conspiracy to violate a person's constitutional rights and racial or some other type of class-based discrimination. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 330 (1971). The instant complaint fails to state a violation of this section. Plaintiff claims that defendants conspired to deprive him of an unconditional release to which he was

allegedly entitled under the sentencing order of March 1, 1978. But defendants merely subjected plaintiff to the requirements of Illinois criminal law. Defendants treated plaintiff the same as every other Illinois felon sentenced to the penitentiary: the MSR term attached to plaintiff's sentence by operation of law, and plaintiff was required to serve the term. Thus, the complaint demonstrates neither a conspiracy to violate plaintiff's constitutional rights nor any class-based discrimination.

For the reasons set forth herein, defendant Lane's motion to dismiss is granted. Plaintiff's motion for appointment of counsel is denied as moot. It is so ordered.