(No. 96-CC-2432– <span style="background:black"></span>

ANTHONY LONGSTREET, SR., Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed May 20, 1996.*

ANTHONY O. LONGSTREET, SR., *pro se*, for Claimant.

JIM RYAN, Attorney General (DONALD C. MCLAUGH-LIN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This matter coming to be heard on the motion of the State of Illinois to dismiss the claim herein, and it appearing to the Court that Claimant has received due notice, and the Court being fully advised in the premises:

According to the complaint, Claimant, while an inmate at the Pontiac Correctional Center, brought this *pro se* complaint in tort against Randolph County 20th Judicial Circuit Judge Jerry D. Flynn. Claimant was convicted of aggravated battery and given a two-year consecutive sentence.

Claimant seeks damages of $100,000 for the negligence of Judge Flynn. Claimant alleges the judge breached

his duty to inform the Claimant of his rights to be tried on an indictment and to have a grand jury hear evidence in a criminal case for the purpose of establishing probable cause to prosecute for the offense of aggravated battery. Claimant alleges the judge was required by law to execute a written waiver that the Claimant knowingly waived his right to be tried on an indictment yet failed to do so.

Claimant alleges Judge Flynn refused to issue a writ of *habeas corpus* demanding his release from the Illinois Department of Corrections. Furthermore, based on Judge Flynn's actions, Claimant alleges his constitutional rights were violated, he suffered hardship, as well as the infliction of mental pain and mental anguish. As a result, Claimant alleges he is justly entitled to compensation by the State for the negligence of Judge Flynn in the sum of $100,000.

Members of the judiciary are entitled to absolute immunity for performance of their judicial duties. (*Forrester v. White* (1988), 108 S. Ct. 538, 543, 544; *Nance v. Lane* (N.D. Ill. 1987), 663 F. Supp. 33, 35; *Scruggs v. Moellering* (7th Cir. 1989), 870 F.2d 376, 377; *Dellenbach v. Letsinger* (7th Cir. 1989), 889 F.2d 755, 761.) Absolute immunity applies to judicial acts or rulings on matters before the bench and within the Court's jurisdiction. (*Ohse v. Hughes* (7th Cir. 1987), 816 F.2d 1144, 1154.) Absolute immunity insulates members of the judiciary from liability in damages for judicial acts. *Anderson v. Roszkowski* (N.D. Ill. 1989), 681 F. Supp. 1284, 1292.

Claimant alleges Flynn was a judge of the Circuit Court of Randolph County who was assigned to hear the matter of *People v. Anthony Longstreet*, 91-CF-41. (See Claimant's complaint). The Claimant was convicted of aggravated battery on December 4, 1991.

The Claimant's complaint indicates Jerry D. Flynn was a judge of the Circuit Court of Randolph County assigned to hear matters where Claimant was a defendant. The Claimant appeared before this member of the judiciary who was performing judicial duties to conduct hearings or trials relating to the criminal matters involving the Claimant. Judge Flynn is entitled to absolute immunity from liability in damages in this present action since his actions clearly occurred in his judicial capacity as a trial judge of the criminal matters in which the Claimant was a party. The mere fact that Claimant appears unhappy with being convicted should be addressed on appeal and not brought as an action against this judge of the Circuit Court of Randolph County in the Illinois Court of Claims.

It is hereby ordered that the motion of the State of Illinois be, and the same is, hereby granted, and the claim herein is dismissed with prejudice.