THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY D. BROWN, Defendant-Appellant.

Fifth District   No. 5—96—0807

Opinion filed June 16, 1998.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Mike Rowland, State's Attorney, of Benton (Norbert J. Goetten, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KUEHN delivered the opinion of the court:

The defendant, Gary D. Brown, was charged with unlawful possession with intent to deliver a controlled substance (720 ILCS 570/401(c)(2) (West 1996)) and two counts of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1996)). Pursuant to negotiations with the State, defendant entered an open plea of guilty for concurrent terms to the two counts of unlawful possession of a controlled substance, and the State dismissed the remaining count. Defendant was sentenced to concurrent extended terms of six years' imprisonment and ordered to pay a drug assessment of $500 on each conviction and to pay $350 in street value fines (730 ILCS 5/5—9—1.1 (West 1996)). He filed a motion to reduce sentence, which was denied after a hearing. On appeal, defendant contends that only one drug assessment could be imposed (see 720 ILCS 570/411.2(a)(4), (g) (West 1996)) and that he is entitled to $480 credit toward his street value fines and the remaining drug assessment for the time he spent in presentencing incarceration (see 725 ILCS 5/110—14 (West 1996)). He also contends that the mandatory supervised release term should be vacated because he was not informed of such a term prior to pleading guilty and he was sentenced to the maximum period of incarceration for which he was advised.

The State concedes that only one drug assessment could be imposed and that defendant is entitled to $480 credit, toward his street value fines and the remaining assessment, for 96 days' presentencing incarceration. The State contends that this court does not have jurisdiction to vacate the mandatory supervised release term as defendant did not file a motion to withdraw his pleas of guilty. Defendant stands convicted of two Class 4 felonies on which the maximum extended term of six years' imprisonment was imposed. See 720 ILCS

570/402(c) (West 1996); 730 ILCS 5/5—8—2(a)(6) (West 1996). Defendant is subject to a mandatory supervised release term of one year. See 730 ILCS 5/5—8—1(d)(3) (West 1996). The trial court in the case at bar never advised defendant that he was subject to a mandatory supervised release term, but instead the court stated, "you face the possibility of a sentence of imprisonment for as long as six years total covering both of these counts." In *People v. Wills*, 61 Ill. 2d 105, 330 N.E.2d 505 (1975), our supreme court held that defendants must be admonished of the mandatory supervised release term prior to the acceptance of guilty pleas, and its holding was applicable to pleas taken after May 19, 1975. The mandatory supervised release relates to a term of imprisonment by statutory requirement without regard to whether the period is expressly attached by the sentencing court to the term of imprisonment. *People v. Miller*, 36 Ill. App. 3d 943, 945, 344 N.E.2d 760, 762 (1976); *People v. Morgan*, 128 Ill. App. 3d 298, 300, 470 N.E.2d 1118, 1120 (1984). The mandatory supervised release term is imposed as though written into the term of imprisonment by the sentencing court, demonstrating that the State has no right to offer the withholding of such period as a part of the plea negotiations and that the court has no power to withhold such period in imposing sentence. *Miller*, 36 Ill. App. 3d at 946, 344 N.E.2d at 762; *Morgan*, 128 Ill. App. 3d at 300, 470 N.E.2d at 1120. In the event of a revocation of mandatory supervised release, defendant could be incarcerated for periods which exceed the maximum determinate term imposed by the sentencing court. See *People v. Wills*, 61 Ill. 2d 105, 109, 330 N.E.2d 505, 507 (1975). Recently, our supreme court has held that when a defendant alleges that the trial court violated statutory authority in imposing sentence, the defendant need not file a motion to withdraw the guilty plea. *People v. Wilson*, 181 Ill. 2d 409, 412-13, 692 N.E.2d 1107, 1108 (1998); *People v. Williams*, 179 Ill. 2d 331, 333, 688 N.E.2d 1153, 1154 (1997). Although the trial court did not violate statutory authority in imposing sentence, it incorrectly informed defendant of the maximum possible punishment to which he is subjected by his plea of guilty. Where a defendant is sentenced to a term longer than the maximum sentence of which he had been advised, the remedy is to remand for resentencing. *People v. Johns*, 229 Ill. App. 3d 740, 740-41, 593 N.E.2d 594, 595 (1992). As the courts of this state have no authority to strike the mandatory supervised release term, the order denying the motion to reduce sentence is vacated and this cause is remanded for resentencing, at which time the issues of fine credit and the impropriety of multiple drug assessments can be raised.

For the foregoing reasons, the order denying the motion to reduce sentence is vacated, and this cause is remanded for resentencing.

Judgment vacated; cause remanded.

HOPKINS and MAAG, JJ., concur.