NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180018-U

NO. 4-18-0018

IN THE APPELATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 13, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| NORMAN ANTIONE SIMPSON, | ) | No. 10CF1222 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*: Appellate counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

¶ 2   Defendant, Norman Antione Simpson, appeals the trial court's dismissal of his petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)).

¶ 3   On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD has filed a motion to withdraw as appellate counsel, alleging there are no potentially meritorious issues for review. We grant OSAD's motion and affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5        On December 30, 2010, the State charged defendant by information with driving while license revoked, a Class 4 felony (625 ILCS 5/6-303(a), (d-3) (West 2010)) (count I) and two counts of obstructing identification, Class A misdemeanors (720 ILCS 5/31-4.5(a), (b) (West 2010)) (counts II and III). Count I alleged the following:

> "Defendant drove *** a motor vehicle on a highway in the state of Illinois at a time when his driver[']s license or privilege to drive was revoked where the revocation was for a violation of 625 ILCS 5/11-401 (leaving the scene of a motor vehicle accident involving personal injury or death), and he previously violated 625 ILCS 5/6-303 six times, said violations occurring in 2001, 2002, three times in 2006, 2008, all in Will County, Illinois[.]"

In January 2011, the informations were superseded by indictments.

¶ 6        Between February and August 2011, the trial court granted defendant several continuances because defendant was attempting to resolve an issue involving the 1995 Will County leaving-the-scene traffic violation that served as the basis to enhance his charge for driving while license revoked from a Class A misdemeanor to a Class 4 felony in the instant case. Between August 2011 and May 2013, the case was continued several more times due to defendant failing to appear and his incarceration in Springfield, Illinois.

¶ 7        On May 10, 2013, pursuant to a plea agreement with the State, defendant pleaded guilty to driving while his license was revoked and, in exchange, the State dismissed the charges for obstructing identification. The trial court sentenced defendant to 180 days in the county jail with 99 days' credit for time served and 30 months' conditional discharge.

¶ 8        On May 22, 2013, defendant *pro se* filed a motion to reconsider his sentence. Defendant argued (1) he was entitled to day-for-day good-time credit; (2) although the statute

(625 ILCS 5/6–303(d)(3) (West 2010)) states any person convicted of a fourth, fifth, sixth, seventh, eighth, or ninth violation is guilty of a Class 4 felony and must serve a minimum of 180 days in jail, the statute does not use the words "mandatory sentence"; and (3) his counsel refused to file a motion to vacate his bond forfeiture, subjecting him to double jeopardy. On May 31, 2013 defendant *pro se* filed a motion to reduce his sentence, again requesting good-time credit. In November 2013, the trial court denied defendant's motions.

¶ 9 On November 13, 2013, defendant filed a notice of appeal, arguing the trial court erred in denying his motions to reconsider and reduce his sentence. (On defendant's motion, the appeal was dismissed on January 29, 2014 (*People v. Simpson*, No. 4-13-1010 (Jan. 29, 2014).)

¶ 10 On December 12, 2013, defendant *pro se* filed a petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-7 (West 2012)), alleging ineffective assistance of counsel. Specifically, defendant alleged that the charge for driving while his license was revoked was incorrectly enhanced to a Class 4 felony based on a 1995 Will County traffic violation for leaving the scene of an accident involving personal injury or death, because in November 1997, he pleaded guilty to leaving the scene of an accident involving property damage (Will County case No. 95-TR-28714). Defendant alleged his counsel was ineffective for failing to investigate the enhancement factors, which resulted in a felony conviction instead of a Class A misdemeanor conviction.

¶ 11 In February 2014, the trial court dismissed defendant's petition, finding defendant's (1) voluntary guilty plea waived all nonjurisdictional errors or irregularities, including constitutional errors, because the claims he raised related to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea and (2) claims were barred by

*res judicata*. In March 2014, defendant *pro se* filed a motion to reconsider, which the trial court denied.

¶ 12    Defendant appealed, and this court affirmed. *People v. Simpson*, 2016 IL App (4th) 140550-U, ¶ 42. Specifically, this court noted the following:

> "Here, defendant had apparently arranged for an attorney in Will County to 'clear up' the 1995 juvenile traffic violation. Throughout the life of this case before the plea agreement, defendant continuously maintained he was working with the Will County attorney. *** Over two years after defendant had been charged, the Will County matter still had not been resolved and the instant case was languishing in the trial court. (In fact, at the time defendant filed his postconviction petitions, the Will County documents that allegedly would clear up the matter had not been produced by defendant.)" *Id.* ¶ 38.

This court further noted that defense counsel had attempted to contact the Will County attorney who was handling the issue with the 1995 traffic violation but was unsuccessful. *Id.* ¶ 39. This court also observed that defendant ultimately agreed to plead guilty in the instant case without resolving the Will County issue in exchange for "a sentence of conditional discharge and 180 days' incarceration, despite the fact defendant was eligible for an extended term of up to 6 years in DOC on the remaining count alone." *Id.*

¶ 13    In September 2017, defendant *pro se* filed a petition for relief from judgment under section 2-1401 of the Code (725 ILCS 5/2-1401 (West 2016)), alleging, "Clearly, and irrefutably a review over Exhibits 'A' through 'E' shows that the petitioner suffered a major infraction if known earlier in the prosecution, without any doubt, said Exhibits could [have] change[d] the outcome of the case at bar." Exhibit B was a copy of defendant's plea of guilty in

Will County case No. 95-TR-28714 for leaving the scene of an accident involving property damage. Exhibit A was a copy of a trial court order sentencing defendant to 12 months' conditional discharge in that case. Exhibit E was an order from the Will County circuit court dated June 25, 2015, with respect to case No. 95-TR-28714. The order stated, "By agreement, the bond forfeiture, entered on 6/14/1995, and the judgment on bond forfeiture, entered on 8/9/1995, are vacated[.]" Defendant requested that his guilty plea in the instant case be vacated and that a new trial be granted.

¶ 14        On December 11, 2017, the trial court entered a written order dismissing defendant's petition for relief from judgment, finding the allegations in defendant's petition were both time-barred and meritless. With respect to the 1995 Will County traffic violation, the trial court stated:

> "[I]t appears that Defendant is implying that had he or the court known of the true nature of his driving abstract that the plea would not have been entered or accepted and therefore it is void. The Court would note that Defendant and the Court were well aware of Defendant's record. The problems Defendant claims with his driving abstract were well known before the plea and Defendant voluntarily chose to go forward with the plea. It was an issue Defendant and his counsel had been addressing for over a year before the plea. It was the reason for numerous continuances. Any records regarding Defendant's driving abstract received subsequent to the plea would not have changed the outcome."

¶ 15        This appeal followed. As stated, OSAD was appointed to represent defendant on appeal. In August 2019, it filed a motion to withdraw as appellate counsel and attached a memorandum of law in support, identifying issues that might arguably support an appeal but

concluding they had no merit. Proof of service of the motion on defendant has been shown. Additionally, this court granted defendant leave to file a response to the motion and he has filed none. After examining the record, we grant OSAD's motion and affirm the trial court's judgment.

¶ 16                                   II. ANALYSIS

¶ 17        OSAD contends defendant's claim that the trial court erred in dismissing his petition for relief from judgment is without arguable merit. We agree.

¶ 18        "A section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *People v. Haynes*, 192 Ill. 2d 437, 461, 737 N.E.2d 169, 182 (2000). A defendant is entitled to relief if he demonstrates (1) a meritorious claim or defense, (2) due diligence in presenting the claim in the original action, and (3) due diligence in filing the section 2-1401 petition. *People v. Lee*, 2012 IL App (4th) 110403, ¶ 15, 979 N.E.2d 992. Generally, a petitioner must file his petition no more than two years after the court enters its final judgment. 735 ILCS 5/2-1401(c) (West 2016). A petitioner's untimeliness may be excused if he demonstrates he was under a legal disability or duress, or that the grounds for relief were fraudulently concealed. *People v. Caballero*, 179 Ill. 2d 205, 210-11, 688 N.E.2d 658, 660-61 (1997). This court reviews the dismissal of a petition for relief from judgment under section 2-1401 *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18, 871 N.E.2d 17, 28 (2007).

¶ 19        OSAD first asserts the trial court properly dismissed defendant's petition because it was untimely. We agree. In this case, the trial court entered final judgment on May 10, 2013. Defendant's petition was not filed until September 2017, well past the two-year statutory

requirement. Defendant does not allege disability, duress, or fraudulent concealment. Accordingly, the trial court correctly dismissed defendant's petition as untimely.

¶ 20          OSAD also asserts it can make no colorable argument that the trial court's judgment was void and can therefore be attacked at any time. We agree. Defendant argues in his petition that the judgment is void because he "suffered a major infraction if known earlier in the prosecution, without any doubt, *** could [have] change[d] the outcome of the case at bar." A void judgment "may be challenged 'at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints.' " *People v. Price*, 2016 IL 118613, ¶ 30, 76 N.E.3d 1240 (quoting *People v. Castleberry*, 2015 IL 116916, ¶ 15, 43 N.E.3d 932). A voidness challenge to a final judgment under section 2-1401 is available only in two types of cases: (1) where the rendering court lacked personal or subject matter jurisdiction or (2) where the challenge is based on a facially unconstitutional statute. *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32, 43 N.E.3d 984. Here, defendant does not argue that the trial court lacked jurisdiction or that his conviction is based on a facially unconstitutional statute. Accordingly, any argument defendant's conviction or sentence is void would be meritless.

¶ 21          OSAD further asserts that even if defendant's petition were timely, it failed to state a cause of action. We agree. Although it is not exactly clear from the contents of defendant's petition, he appears to argue that his plea should be vacated and that he is entitled to a new trial because had he known the true nature of his 1995 Will County traffic violation, he would not have pleaded guilty in the instant case. As noted above, the purpose of a section 2-1401 petition is "to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." (Internal quotation marks omitted.) *People v. Waters*, 328 Ill. App. 3d

117, 126-27, 764 N.E.2d 1194, 1202 (2002). Here, defendant has not alleged any errors of fact that were unknown to him at the time of his guilty plea; in fact, he was working to correct any issues related to his traffic record for several years prior to his plea in this case. See *Simpson*, 2016 IL App (4th) 140550-U, ¶ 38. Moreover, the issue was previously raised and decided in a postconviction proceeding and it is therefore barred by *res judicata*. *Id.* ¶ 36; *People v. Kane*, 2013 IL App (2d) 110594, ¶ 17, 5 N.E.3d 737 ("[A] section 2-1401 petition may not be used to obtain relief for issues previously raised at trial or in other collateral proceedings.").

¶ 22 Finally, OSAD asserts this appeal presents no procedural issues. We agree. "[P]roceedings under section 2-1401 are subject to the usual rules of civil practice." *Vincent*, 226 Ill. 2d at 8. After a petition under section 2-1401 is filed and properly served, the opposing party has 30 days to answer the petition or otherwise plead. 735 ILCS 5/2-1401(b) (2016); *People v. Laugharn*, 233 Ill. 2d 318, 323, 909 N.E.2d 802, 805 (2009). If the opposing party does not file an answer, it constitutes an admission of all well-pleaded facts, and the issue for the court is whether the allegations in the petition entitle the petitioner to relief as a matter of law. *Vincent*, 226 Ill. 2d at 9-10. According to the record, defendant served the State on September 29, 2017. The State did not file a response, and the trial court dismissed the petition on December 11, 2017. The trial court provided ample time for the State to file a response, and it was permitted to enter a judgment on the pleadings or a dismissal after the 30-day period had passed. See *id.* at 10. The court therefore followed the proper procedure when it dismissed defendant's petition.

¶ 23 Accordingly, we grant OSAD's motion to withdraw as counsel on appeal and affirm the trial court's judgment.

¶ 24 III. CONCLUSION

¶ 25        For the reasons stated, we grant OSAD's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 26        Affirmed.