# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Lee*, 2012 IL App (4th) 110403

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GABRIEL LEE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-11-0403, 4-11-1097 cons. |
| Filed | November 27, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The motion to withdraw filed by the State Appellate Defender's office was granted and defendant's conviction for first degree murder pursuant to his guilty plea was affirmed on the ground that no meritorious issues could be raised in his case, regardless of his claims that he was not properly admonished about mandatory supervised release and that mandatory supervised release was unconstitutional. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 98-CF-396; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Susan M. Wilham, all of State Appellate Defender's Office, of Springfield, for appellant. |
| | |
| | Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE COOK delivered the judgment of the court, with opinion. |
| | Justice Knecht concurred in the judgment and opinion. |
| | Presiding Justice Turner specially concurred, with opinion. |

**OPINION**

¶ 1     This appeal comes to us on the motion of the office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal on the ground no meritorious issues can be raised in this case. For the following reasons, we agree and affirm.

¶ 2                                    I. BACKGROUND

¶ 3     In February 1998, the State charged defendant, Gabriel Lee, with two counts of aggravated arson (720 ILCS 5/20-1.1(a)(1), (a)(2) (West 1996)) (counts I and II), and seven counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) (West 1996)) (counts III, IV, and V under section (a)(1); count VI under section (a)(2); and counts VII, VIII, and IX under section (a)(3)), all counts being Class X felonies.

¶ 4     On September 9, 1998, the trial court held a plea hearing where the parties informed the court that defendant sought to plead guilty to one count of first degree murder (720 ILCS 5/9-1(a)(1) (West 1996)) (count III). The court explained the rights defendant waived by pleading guilty. As relevant to this appeal, the court admonished defendant as follows:

    "If you are convicted, the law requires that you be sentenced to a term in prison. The term in prison would be for some definite period of time. It could not be less than twenty years, it could not be more than sixty years. Any term in prison would be followed by a period of mandatory, supervised release of at least three years."

The court then requested the parties describe the plea agreement and told defendant:

    "It is also necessary that you understand the only agreements that make any difference at all in your case are those which are described out loud here in open court now. Is that clear to you?"

Defendant answered in the affirmative.

¶ 5    The assistant State's Attorney described the plea agreement as follows: In exchange for defendant's plea to first degree murder (count III), all other counts would be dismissed. Defendant would be sentenced to 30 years' imprisonment, with credit for 175 days served, and he would be eligible for day-to-day credit. The State asserted defendant was eligible for day-to-day credit because this court previously held the "truth-in-sentencing" provision of section 3-6-3 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3(a)(2) (West 1994)) unconstitutional. See *People v. Pitts*, 295 Ill. App. 3d 182, 187-91, 691 N.E.2d 1174, 1177-80 (1998) (holding Public Act 89-404 (Pub. Act 89-404, § 40 (eff. Aug. 20, 1995)) violated the single-subject rule of article IV, section 8(d), of the Illinois Constitution of 1970 (Ill. Const. 1970, art. IV, § 8(d))). Defendant acknowledged the State's description was correct and no other promises were made.

¶ 6    According to the factual basis, on February 12, 1998, defendant and Chris Majors learned Majors would possibly be evicted from the home he shared with John Hankenson and another man. Defendant and Majors confronted Hankenson in the home. An argument broke out between the three men. Defendant and Majors constructed knives from broken shards of glass. Defendant assisted Majors in tying Hankenson to a chair. Defendant was present as Majors poured gasoline onto Hankenson and then set fire to the gasoline. Defendant and Majors removed items from the home, including Hankenson's wallet from his pant's pocket, and fled in Hankenson's vehicle. Hankenson died as a result of injuries sustained from the fire.

¶ 7    After defendant pleaded guilty to one count of first degree murder, the trial court sentenced defendant to 30 years' imprisonment "subject to statutory conditions," with 175 days' credit, and dismissed all remaining counts. The court's oral pronouncement of sentence did not reference mandatory supervised release, but the written sentencing order provides defendant is to be delivered to the Illinois Department of Corrections (Department) "which shall confine said defendant until expiration of his sentence or until he is otherwise released by operation of law." Defendant did not file any posttrial motions or a direct appeal.

¶ 8    On March 18, 2011, defendant filed a *pro se* petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). In his petition, we understand defendant to assert the following: (1) the trial court did not properly admonish defendant that, in addition to the sentence described in the plea agreement, three years' mandatory supervised release (MSR) attached to his prison sentence; (2) requiring defendant to serve an MSR term after completion of judicially imposed sentence is an unlawful constraint on defendant's liberty in that defendant's sentence, as imposed by the trial court, expires before MSR; and (3) permitting the Department to impose MSR is a violation of separation of powers. On April 26, 2011, the State filed a motion to dismiss defendant's petition and on May 2, 2011, the trial court dismissed the petition. On May 12, 2011, defendant filed a notice of appeal with the trial court and the court appointed OSAD to serve as his attorney. We docketed this appeal as No. 4-11-0403.

¶ 9    On October 7, 2011, defendant filed a *pro se* petition for postconviction relief pursuant to section 122-1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/122-1 (West 2010)), the Post-Conviction Hearing Act. Specifically, defendant asserted he was denied the benefit of his negotiated plea bargain by imposition of a three-year MSR term. On October

14, 2011, the trial court found this to be the same allegation contained in defendant's section 2-1401 petition for relief from judgment filed in March 2011 and summarily dismissed the petition. On November 1, 2011, defendant filed a motion to reconsider, which the trial court denied. On December 12, 2011, defendant filed notice of appeal with the trial court and the court appointed OSAD to serve as his attorney. We docketed this appeal as No. 4-11-1097.

¶ 10       On defendant's motion, we consolidated these two appeals.

¶ 11       On April 4, 2012, OSAD moved to withdraw as appellate counsel, including in its motion a brief in conformity with the requirements of *Finley*. The record shows service of the motion on defendant. On its own motion, this court granted defendant leave to file additional points and authorities. Defendant did so and the State filed a brief in response. After examining the record and executing our duties in accordance with *Finley*, we grant OSAD's motion and affirm the trial court's judgment.

¶ 12                              II. ANALYSIS

¶ 13       OSAD argues defendant's petitions present no meritorious issues. Specifically, OSAD asserts the following contentions by defendant fail to present a meritorious basis for a section 2-1401 petition for relief from judgment or a postconviction petition: (1) he was not properly admonished about MSR; (2) he is entitled to the "benefit of the bargain" as in *People v. Whitfield*, 217 Ill. 2d 177, 840 N.E.2d 658 (2005); (3) imposition of MSR violates the United States and Illinois Constitutions; (4) application of MSR is an unlawful constraint upon defendant's liberty; and (5) the MSR system violates the doctrine of separation of powers. After review of the record consistent with our responsibilities under *Finley*, we agree.

¶ 14       A. Review of Petition for Relief From Judgment and Postconviction Petitions

¶ 15       Section 2-1401 of the Code of Civil Procedure allows for relief from final judgments more than 30 days after their entry. 735 ILCS 5/2-1401 (West 2010). "Relief under section 2-1401 is predicated upon proof, by a preponderance of [the] evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in discovering the defense or claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7-8, 871 N.E.2d 17, 22 (2007). To be entitled to relief under section 2-1401, the petitioner must set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition. *People v. Bramlett*, 347 Ill. App. 3d 468, 473, 806 N.E.2d 1251, 1255 (2004) (quoting *In re Estate of Barth*, 339 Ill. App. 3d 651, 662, 792 N.E.2d 315, 324 (2003)); *In re Marriage of Goldsmith*, 2011 IL App (1st) 093448, ¶ 15, 962 N.E.2d 517. This court reviews a circuit court's dismissal of a section 2-1401 petition for an abuse of discretion. *People v. Davis*, 2012 IL App (4th) 110305, ¶ 11, 966 N.E.2d 570.

¶ 16       The Post-Conviction Hearing Act provides a method by which criminal defendants can assert their convictions were the result of a substantial denial of their rights under the United States or Illinois Constitution. 725 ILCS 5/122-1 (West 2010). "[A] postconviction proceeding is a collateral attack upon the prior conviction and affords only limited review

-4-

of constitutional claims not presented at trial." *People v. Harris*, 224 Ill. 2d 115, 124, 862 N.E.2d 960, 966 (2007). Section 122-2.1(a)(2) of the Post-Conviction Hearing Act provides when a petitioner is sentenced to imprisonment, the trial court shall review the petition within 90 days of its filing and docketing and enter an order if it determines it is frivolous and without merit, dismissing the same. 725 ILCS 5/122-2.1(a)(2) (West 2010). To survive dismissal, a *pro se* postconviction petition's allegations, taken as true, must present the "gist" of a constitutional claim, and must set forth some facts which can be corroborated and are objective in nature or explain their absence. *People v. Hodges*, 234 Ill. 2d 1, 9, 912 N.E.2d 1204, 1208 (2009); *People v. Jones*, 211 Ill. 2d 140, 144, 809 N.E.2d 1233, 1236 (2004). Otherwise, a petition is considered frivolous or patently without merit. *People v. Delton*, 227 Ill. 2d 247, 254, 882 N.E.2d 516, 519 (2008) (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996)). A petition is frivolous or patently without merit if it has no "arguable basis either in law or in fact," which is defined as being "based on an indisputably meritless legal theory or a fanciful factual allegation." *Hodges*, 234 Ill. 2d at 16, 912 N.E.2d at 1212. "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id.* This court reviews a circuit court's dismissal of a defendant's postconviction petition *de novo*. *Id.* at 9, 912 N.E.2d at 1208.

¶ 17       B. Defendant's Admonishment and "Benefit of the Bargain" Claims

¶ 18       Defendant's section 2-1401 petition for relief from judgment and postconviction petition both allege he was not properly admonished about MSR at his plea hearing. Defendant asserts the trial court's statement "the only agreements that make any difference at all in your case are those which are described out loud here in open court" before the plea agreement was recited "nullified his MSR admonishment." Defendant's petition for relief from judgment requests this court immediately release defendant from prison to begin MSR. Defendant's postconviction petition further alleges he did not receive the "benefit of his bargain" with the State when the MSR was imposed, and it requests this court modify defendant's sentence to "27 Years Imprisonment inclusive of the 3-Year MSR Term."

¶ 19       1. *Rule 402 and Admonishments Here*

¶ 20       Illinois Supreme Court Rule 402(a)(2) (eff. July 1, 1997) requires the trial court to inform defendant personally in open court of "the minimum and maximum sentence prescribed by law." Pursuant to section 5-8-1(d) of the Unified Code (730 ILCS 5/5-8-1(d) (West 1998)), every sentence imposed "shall include as though written therein a term" of MSR. Rule 402(a)(2) requires that a defendant be admonished on the MSR term, a requirement applying prospectively to pleas taken after May 19, 1975, to comply with the voluntariness requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969). *People v. Wills*, 61 Ill. 2d 105, 111, 330 N.E.2d 505, 508-09 (1975) (supplemental opinion on denial of petition for rehearing).

¶ 21       In *People v. Andrews*, 403 Ill. App. 3d 654, 665, 936 N.E.2d 648, 657 (2010), this court stated the Rule 402 requirement that defendant be informed of his MSR term "has nothing whatsoever to do with plea bargaining or plea agreements." See also *Whitfield*, 217 Ill. 2d

at 200-01, 840 N.E.2d at 672 ("We recognize that MSR terms are statutorily required and that 'the State has no right to offer the withholding of such a period as a part of the plea negotiations and *** the court has no power to withhold such period in imposing sentence.' " (quoting *People v. Brown*, 296 Ill. App. 3d 1041, 1043, 695 N.E.2d 1374, 1376 (1998) (Fifth District))); *People v. Miller*, 36 Ill. App. 3d 943, 945-46, 344 N.E.2d 760, 762 (1976) (First District observing parole "is not a matter of negotiation upon plea bargaining"); *People v. Reese*, 66 Ill. App. 3d 199, 203, 383 N.E.2d 759, 762 (1978) (Fifth District) ("[T]he mandatory parole term is a constant which cannot be affected by the defendant, the State or the trial court."); *People v. Morgan*, 128 Ill. App. 3d 298, 300, 470 N.E.2d 1118, 1120 (1984) (this court observing MSR is not a matter affected by negotiations). Because MSR cannot be affected by the State or trial court, "as long as the trial court informs a defendant at the time of his guilty plea that an MSR term must follow any prison sentence that is imposed upon him, he has received all the notice and all the due process to which he is entitled regarding MSR." *Andrews*, 403 Ill. App. 3d at 665, 936 N.E.2d at 657. See also *People v. Hunter*, 2011 IL App (1st) 093023, ¶ 18, 957 N.E.2d 523 (due process satisfied if defendant informed of MSR before entering guilty plea). Further, in *Andrews* this court emphasized the State and defendants "have nothing to negotiate regarding an MSR term because even if they agreed to reduce or waive the statutorily required MSR term, the trial court would lack the authority to act in accordance with their agreement." *Andrews*, 403 Ill. App. 3d at 664, 936 N.E.2d at 657; accord *People v. McCurry*, 2011 IL App (1st) 093411, ¶ 16, 961 N.E.2d 900 ("Terms of MSR are mandated by statute and courts have no authority to withhold the MSR term when imposing a sentence."); *People v. Didley*, 213 Ill. App. 3d 910, 912, 572 N.E.2d 423, 424 (1991) (Third District holding trial court does not have authority to abrogate MSR term).

¶ 22    This court addressed a similar factual situation in *People v. Dorsey*, 404 Ill. App. 3d 829, 831, 942 N.E.2d 535, 537 (2010), where the trial court did not admonish the defendant his plea agreement included a three-year MSR term. There we stated *Whitfield*, 217 Ill. 2d 177, 849 N.E.2d 658, and *People v. Morris*, 236 Ill. 2d 345, 925 N.E.2d 1069 (2010), "demand[ ] a clearer and closer link between MSR and the agreed-upon sentence or sentencing range to inform the defendant of the consequences of his guilty plea." *Dorsey*, 404 Ill. App. 3d at 837, 942 N.E.2d at 542-43. However, in *Dorsey* we concluded under *Andrews* the trial court's admonishments sufficiently complied with Rule 402(a) as defendant was informed of MSR before the plea and thus he failed to state the gist of a constitutional claim. *Id.* at 838, 942 N.E.2d at 543. *Cf. People v. Vlahon*, 2012 IL App (4th) 110229, ¶ 26, 977 N.E.2d 327 (*ex post facto* violation where trial court failed to inform defendant of his right to be sentenced under either the law in effect at the time of the offense, a two-year MSR term, or the law in effect at the time of sentencing, a four-year MSR term).

¶ 23    Here, defendant's claims must fail. First, *Whitfield* should be applied only to cases where the conviction was not final prior to December 20, 2005. *Morris*, 236 Ill. 2d at 366, 925 N.E.2d at 1081. As defendant did not appeal his September 1998 conviction, his conviction was finalized before the December 2005 *Whitfield* decision. Second, the record shows defendant was admonished that any prison term would be followed by three years' MSR before his guilty plea in compliance with Rule 402(a). In sum, defendant's claims he was not

admonished about MSR are contradicted by the record and legally without merit under our precedent and within the meaning of *Hodges*. See *Hodges*, 234 Ill. 2d at 16, 912 N.E.2d at 1212. See also *People v. Coultas*, 75 Ill. App. 3d 137, 138, 394 N.E.2d 26, 27 (1979) (Fifth District observing "the mandatory supervised release term is part of the original sentence by operation of law"); *United States v. Timmreck*, 441 U.S. 780, 784 (1979) (rejecting collateral attack on parole sentence where defendant did not argue he was actually unaware of parole term or would not have pleaded guilty if properly advised by trial judge); *People v. Marshall*, 381 Ill. App. 3d 724, 732, 886 N.E.2d 1106, 1113 (2008) (Rule 402 satisfied where trial court admonished defendant sentence for Class X felony included three-year MSR term).

¶ 24                                2. *Defendant's "Benefit of the Bargain" Claim*

¶ 25       In his postconviction petition, defendant contends he was denied the benefit of his bargain as Rule 402 required the trial court to admonish him the MSR term would be added to his negotiated sentence. Defendant appears to argue that because the trial court stated "the only agreement that makes any difference at all" are the plea terms described in open court, defendant was not admonished MSR would be in addition to the terms of the plea agreement. In his brief filed with this court, defendant further argues he "had a fully negotiated a plea of 30 years, and the [t]rial [c]ourt/[S]tate had breached that contract for which was fully [n]egotiated to be 30 years, NOT 30 years and then 3 years of MSR." (Emphasis in original.) Defendant requests this court to reduce his sentence to 27 years with the mandatory 3 years' MSR or allow him to withdraw his guilty plea. Defendant's contention is without merit.

¶ 26       First, the trial court found defendant's postconviction petition contained the same allegations of improper admonishment as contained in his section 2-1401 petition for relief from judgment. This court has been unwilling to expand *Whitfield* to cases where MSR was mentioned in the admonishments prior to the guilty plea. *Andrews*, 403 Ill. App. 3d at 666, 936 N.E.2d at 659. While the best practice may be for the trial court or counsel to expressly link the MSR term to the agreed-upon sentence (*Dorsey*, 404 Ill. App. 3d at 836-38, 942 N.E.2d at 541-43), failure to make that link does not violate Rule 402 or the parties' plea agreement. *Andrews*, 403 Ill. App. 3d at 665, 936 N.E.2d at 657-58. For the same reasons previously stated, defendant received proper admonishments prior to his guilty plea.

¶ 27       Second, defendant's "benefit of the bargain" argument fails on its face as defendant and the State could not have agreed to waive MSR. Defendant acknowledged this in his postconviction petition when he states he "does not assert that the [P]eople or the [trial] court affirmatively promised him that he would not have to serve a period of MSR." As such, defendant cannot contend he was denied the benefit of the bargain when no promises were made about MSR. See *People v. Holt*, 372 Ill. App. 3d 650, 653-54, 867 N.E.2d 1192, 1195-96 (2007) (rejecting "benefit of the bargain" claim where State plea is " 'open' " to certain sentencing provisions). Last, defendant's plea agreement was between the State and him, not the trial court. *People v. Collier*, 376 Ill. App. 3d 1107, 1113, 879 N.E.2d 982, 988 (2007) ("The trial court is not a party to the plea agreement ***."). The court's sentencing judgment did not breach the plea agreement by imposing MSR as mandatorily required.

¶ 28                    C. Defendant's Claim Imposition of MSR After Prison
Term Is Unconstitutional

¶ 29       In his section 2-1401 petition for relief from judgment, defendant contends requiring him to serve an MSR term "after he has served the entire sentence imposed within the confines of prison" is unconstitutional. Defendant cites *People v. Montana*, 380 Ill. 596, 44 N.E.2d 569 (1942), to support his claim he cannot be held beyond the term affixed by the trial court and asserts MSR subjects him "to a second term of imprisonment for the same crime without any semblance of due process."

¶ 30       First, defendant's reliance on *Montana* is misplaced as that case concerned a markedly different parole system than the modern system. *Montana* concerned a statute where the trial court in imposing sentence made an advisory recommendation of the minimum and maximum limits or duration of the imprisonment and the Department could increase or diminish the trial court's recommended sentence. *Montana*, 380 Ill. at 601-02, 44 N.E.2d at 572. The supreme court held the statute invalid as it vested an administrative board with the power to amend a judicial judgment. *Id.* at 609, 44 N.E.2d at 575. *Montana* does support defendant's position his sentence cannot be extended beyond the trial court's order, but it does not support his assertion parole is a separate sentence.

¶ 31       Defendant's attempts to assert MSR is a form of imprisonment is unpersuasive. In *People v. Williams*, 66 Ill. 2d 179, 187, 361 N.E.2d 1110, 1114 (1977), the supreme court stated, "Parole alters only the method and degree of confinement during the period of commitment [to the Department]." See also *Vlahon*, 2012 IL App (4th) 110229, ¶ 26, 977 N.E.2d 327 (An MSR term increases "the length of time defendant is subject to the custody of the Department of Corrections."). In other words, "[y]ears of MSR and years in prison are not interchangeable." *People v. Jarrett*, 372 Ill. App. 3d 344, 351, 867 N.E.2d 1173, 1179 (2007).

¶ 32       Since *People ex rel. Scott v. Israel*, 66 Ill. 2d 190, 194, 361 N.E.2d 1108, 1109 (1977), it has been axiomatic that a "sentence to a mandatory parole is part of the original sentence by operation of law." MSR is a mandatory part of a criminal sentence. 730 ILCS 5/5-8-1(d) (West 1998). Defendant's contentions an MSR violation may result in a second term of imprisonment were rejected in *Israel*. There, the supreme court stated this is not a second sentence and what causes a defendant's recommitment to prison is the defendant's violation of his parole conditions. *Israel*, 66 Ill. 2d at 194, 361 N.E.2d at 1109. Defendant's prison term and MSR are a part of the same sentence, not two different sentences.

¶ 33       Defendant's assertion his sentence expires before he is placed on MSR is without merit. Defendant will not begin his MSR term until he has completed his prison term (730 ILCS 5/3-3-8 (West 1998)), whenever that occurs. Defendant's sentence is not discharged until he has completed his MSR term (730 ILCS 5/3-3-3 (West 1998)). See also *Faheem-El v. Klincar*, 123 Ill. 2d 291, 299, 527 N.E.2d 307, 310-11 (1988) (holding prisoner is subject to custody of the Department for the remainder of maximum term of imprisonment and three-year MSR term). Defendant's argument that credit for good behavior reduces an offender's trial court sentence is a flawed reading of the statute. Section 3-6-3(a)(2.1) of the Unified Code expressly states, "Each day of good conduct credit shall reduce by one day the

prisoner's period of imprisonment \*\*\*." 730 ILCS 5/3-6-3(a)(2.1) (West 1998). A "period of imprisonment" is different from defendant's sentence. Defendant ignores the fact his good conduct credit can be revoked. See 730 ILCS 5/3-6-3(c) (West 1998). Defendant's good behavior argument confuses the parts (prison term and MSR term) for the whole (sentence) and has no merit.

¶ 34    D. Defendant's Claim MSR Is an "Unlawful Constraint" Upon His Liberty

¶ 35    Defendant's next argument in his section 2-1401 petition for relief from judgment is that "requiring offenders to serve a term of MSR after the successful completion of their judicially imposed sentence of the determinate nature is constitutionally unsound resulting in an unlawful constraint upon the offender's liberty." Specifically, defendant asserts that the trial court's sentence has expired "according to law before placing the offender upon MSR."

¶ 36    Defendant's contention that MSR is an unlawful constraint is fundamentally flawed. First, defendant's argument is built on the single premise "that MSR is a separate term than that of the judicial sentence." As previously discussed, MSR is a mandatory term of criminal sentences, and release from prison is not tantamount to discharge from the Department. MSR is not a form of imprisonment but a release from the physical custody of the Department (730 ILCS 5/3-3-7 (West 1998)) where parolees remain in the legal custody of the Department for the duration of MSR. 730 ILCS 5/3-14-2(a) (West 1998); *People v. Wilson*, 228 Ill. 2d 35, 48, 885 N.E.2d 1033, 1041 (2008). Parolees are subject to conditions curtailing their liberty (730 ILCS 5/3-3-7 (West 1998)) as they present a risk to the public (*People v. Moss*, 217 Ill. 2d 511, 531, 842 N.E.2d 699, 712 (2005)). Defendant's argument confuses release from the physical custody of the Department with discharge from the Department; these are two different things. Here, as the trial court imposed 30 years' imprisonment and 3 years' MSR, defendant will not be discharged from the Department until he has completed his entire sentencing composed of 30 years' imprisonment and 3 years' MSR. There is no merit to defendant's contention MSR is in addition to his sentence, as MSR is an included part of his sentence.

¶ 37    E. Defendant's Separation of Powers Claim

¶ 38    Defendant asserts the Department imposed the MSR in violation of separation of powers as sentencing is a judicial function. As previously addressed, when the trial court sentenced defendant to 30 years' imprisonment, his sentence included a 3-year MSR term. Defendant's claim the Department imposed the MSR term has no legal merit. See *Hunter*, 2011 IL App (1st) 093023, ¶ 23, 957 N.E.2d 523 (addressing similar separation of powers argument). Mandatory supervised release, formerly parole, is within the power of the Illinois General Assembly, and "this enactment does not violate the separation of powers clause of the Illinois Constitution of 1970." *Israel*, 66 Ill. 2d at 194, 361 N.E.2d at 1110.

¶ 39    F. Defendant's Additional Claim

¶ 40    We note defendant, in his additional points and authorities, contends that his trial counsel

provided ineffective assistance where trial counsel misapprehended "the law in regards to [t]he [a]ddition of the [s]tat[ut]or[ily] [m]andated [t]hree (3) years to [d]efendant's sentence" of 30 years. Defendant provides no factual basis to support his claim. We will not reach this issue as it was not raised in his postconviction petition. See *People v. Cathey*, 2012 IL 111746, ¶ 21, 965 N.E.2d 1109 (appellate court can only review issues presented in postconviction petition filed with circuit court).

¶ 41                                 III. CONCLUSION

¶ 42        For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment as costs of this appeal.

¶ 43        Affirmed.

¶ 44        PRESIDING JUSTICE TURNER, specially concurring.

¶ 45        While I agree with the result reached by the majority's opinion, I write separately to clarify a few matters. Here, in his section 2-1401 motion, defendant challenged his MSR admonishment under *Whitfield*. However, defendant cannot obtain relief under *Whitfield* because his conviction was final before December 20, 2005, the date of the *Whitfield* decision. See *Morris*, 236 Ill. 2d at 366, 925 N.E.2d at 1081 (holding *Whitfield* only applied prospectively to cases where the defendant's conviction was finalized after the date *Whitfield* was announced). In his postconviction petition, defendant chose to raise his MSR admonishment claim under *Santobello v. New York*, 404 U.S. 257 (1971). However, the First District has held a defendant cannot avoid the effect of *Whitfield* and its limitation to prospective application under *Morris* by citing *Santobello*. *People v. Demitro*, 406 Ill. App. 3d 954, 957, 942 N.E.2d 20, 23 (2010). Since defendant cannot challenge his MSR admonishment under *Whitfield* and *Santobello*, the concerns raised in *Dorsey* about MSR admonishments are not at issue in this case.