NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180339-U

NO. 4-18-0339

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 27, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| DONALD EMERY, | ) | No. 15CF30 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert L. Freitag, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1  *Held:*  The appellate court granted counsel's motion to withdraw and affirmed the trial court's judgment because there were no potentially meritorious claims for review.

¶ 2  This appeal arises from the trial court's April 2018 dismissal of a petition for relief from judgment that defendant, Donald Emery, filed in July 2017. In July 2015, defendant *pro se* entered an open plea of guilty to a single count of delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2014)), and the State dismissed his remaining counts. The court sentenced defendant to 18 years in prison.

¶ 3  In July 2017, defendant *pro se* filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)), alleging that he should be allowed to withdraw his guilty plea. As noted earlier, the trial court dismissed the petition. Defendant appealed, and the court appointed the Office of the State Appellate Defender

(OSAD) to represent defendant on that appeal.

¶ 4        OSAD now moves to withdraw, contending that there are no potentially meritorious issues for review. In doing so, OSAD considered the following claims: (1) whether defendant's alleged discovery violation has any arguable merit and (2) whether the trial court's *sua sponte* dismissal of defendant's petition was appropriately timed after the 30-day period for the State to answer or otherwise plead.

¶ 5        We agree with OSAD, grant its motion to withdraw, and affirm the trial court's judgment.

¶ 6                              I. BACKGROUND

¶ 7                              A. Procedural History

¶ 8        In January 2015, the State charged defendant with two counts of criminal drug conspiracy (720 ILCS 570/405.1 (West 2014)), alleging that he agreed with his co-defendant, James Patterson, to deliver a controlled substance. The State also charged defendant with two counts of unlawful delivery of a controlled substance, alleging that he delivered less than one gram of cocaine to (1) a confidential source and (2) James Patterson. *Id.* § 401(d)(i).

¶ 9        Later that month, the State filed its discovery response pursuant to Illinois Supreme Court Rule 412 (eff. Mar. 1, 2011). In that response, the State noted that physical evidence included, among other items, a "DVD of in-person overhear between James Patterson and Confidential Source 1138," "DVD of interviews of Mathis, Johnson, Patterson and [defendant]," and a "CD of jail calls."

¶ 10                             B. The Guilty Plea

¶ 11        In July 2015, the trial court conducted defendant's guilty plea hearing, at which defendant appeared *pro se*. The court admonished defendant regarding the possible penalties he

faced and explained that because he was entering into an open plea, there was no agreement that defendant would receive a particular sentence. The court further explained the rights defendant was giving up by pleading guilty.

¶ 12    As a factual basis for the plea, the prosecutor stated that the evidence would show that (1) a confidential source made a purchase of cocaine directly from defendant and Patterson, (2) defendant arrived at an apartment and delivered $80 worth of cocaine to the confidential source, (3) the substance tested positive for the presence of cocaine and weighed less than one gram, and (4) after defendant and Patterson were arrested, the police recovered $60 of the buy money from defendant and $20 of the buy money from Patterson.

¶ 13    Defendant agreed that he believed the State could present that evidence and made no mention of any difficulty regarding discovery. Defendant pleaded guilty to the count that alleged he delivered to the confidential source less than a gram of cocaine. The State then dismissed the remaining counts.

¶ 14                    C. The Sentencing Hearing

¶ 15    In August 2015, the trial court conducted defendant's sentencing hearing, at which defendant proceeded *pro se*. The State argued that a 26-year sentence was appropriate because of defendant's prior felony convictions, which required the court to impose a Class X sentence. Defendant argued that (1) Patterson was the one dealing the drugs and (2) he was simply with the wrong people at the wrong time. Defendant further argued that 26 years was too much because his actions did not hurt anyone. Defendant argued he should receive an 8-year prison sentence. The court sentenced defendant to 18 years in prison.

¶ 16                    D. The Motion to Withdraw Guilty Plea

¶ 17    Defendant *pro se* filed a motion to withdraw his guilty plea, and the trial court

conducted a hearing on that motion in March 2016. In his motion, defendant argued that (1) he did not fully understand his plea, (2) his plea was involuntary, and (3) he was innocent of the charges. At the hearing, defendant proceeded *pro se*. He attempted to submit police reports as exhibits, but the trial court did not allow him to do so because they were incomplete and contained inadmissible hearsay. The court also prohibited defendant from submitting an affidavit from Patterson because it was inadmissible hearsay.

¶ 18 Defendant argued that (1) he did not understand that the charge could be applied to him based on the theory of accountability and (2) the State had to prove he aided or abetted Patterson in the commission of the offense. In denying defendant's motion, the trial court concluded that (1) defendant was not threatened or coerced to enter his guilty plea and (2) the record showed he understood the charge.

¶ 19 Defendant appealed and argued *pro se* that (1) the trial court abused its discretion by excluding the police reports and the affidavit, (2) the trial court erred by denying his motion to withdraw his guilty plea, (3) his due process rights were violated, and (4) the State committed prosecutorial misconduct before the grand jury. In January 2017, this court concluded that the trial court properly denied defendant's motion to withdraw his guilty plea and affirmed. *People v. Emery*, 2017 IL App (4th) 160175-U.

¶ 20 E. The Petition for Relief From Judgment

¶ 21 In July 2017, defendant *pro se* filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)). In that petition, he alleged that he should be allowed to withdraw his guilty plea because he did not receive exculpatory audio/video evidence from the State in discovery. He claimed that because of this alleged discovery violation, he had no alternative but to plead guilty to a crime he did not commit.

- 4 -

¶ 22        In September 2017, defendant *pro se* filed a petition for declaratory judgment and raised the same argument as in his petition for relief from judgment. He contended that on March 24, 2014, the trial court ordered discovery to be tendered to him. The State sent him discovery, but the United States Postal Service was unable to deliver the "audio/visual cds" to defendant while he was in prison. The evidence was returned to the State, and defendant claimed the State then knowingly withheld the evidence.

¶ 23        In April 2018, the trial court *sua sponte* entered an order in which it concluded that defendant's petition did not include "any facts as to what the audio/video evidence contained, or how that evidence 'clears' petitioner from guilt, blame, or fault for the charge he pled guilty to." The court noted that prior to filing the petition, defendant never expressed to the court any problems with the State's compliance with discovery. The court stated that it had reviewed the record, which "indicate[d] that the petitioner was properly admonished by the court as to the charge he was pleading guilty to, the possible penalties for that charge, and the trial rights he was waiving by entering a plea of guilty." The court determined that the allegations in the petition did not provide a legal basis for relief and dismissed the petition.

¶ 24        Following the trial court's dismissal, defendant appealed, and the court appointed OSAD to represent defendant on that appeal. OSAD now moves to withdraw, contending that there are no potentially meritorious issues for review. In doing so, OSAD considered the following claims: (1) whether defendant's discovery violation has any arguable merit and (2) whether the trial court's *sua sponte* dismissal of defendant's petition was appropriately timed after the 30-day period for the State to answer or otherwise plead. OSAD provided defendant a copy of the motion to withdraw and notified him that he had the opportunity to respond. In January 2020, the State filed a brief agreeing with OSAD. In March 2020, defendant filed a reply brief.

¶ 25                                   II. ANALYSIS

¶ 26        Defendant appeals, claiming his petition for relief from judgment was erroneously dismissed. In OSAD's motion to withdraw, OSAD wrote that it had considered the following claims: (1) whether defendant's discovery violation has any arguable merit and (2) whether the trial court's *sua sponte* dismissal of defendant's petition was appropriately timed after the 30-day period had passed for the State to answer or otherwise plead.

¶ 27        We agree with OSAD, grant its motion to withdraw, and affirm the judgment of the trial court.

¶ 28                                   A. The Law

¶ 29        Petitions for relief from judgment are governed by section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2016). "A section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." (Internal quotation marks omitted.) *People v. Crenshaw*, 2017 IL App (4th) 150170, ¶ 18, 79 N.E.3d 289. To entitle a defendant to relief, the petition must set forth (1) a meritorious claim or defense, (2) due diligence in present- ing the claim or defense in the original action, and (3) due diligence in filing the petition. *People v. Lee*, 2012 IL App (4th) 110403, ¶ 15, 979 N.E.2d 992. The petition may be dismissed if the facts in the petition do not state a legal basis for the relief requested. *People v. Vincent*, 226 Ill. 2d 1, 9-10, 871 N.E.2d 17, 24 (2007). Dismissal of such a petition is reviewed *de novo*. *Id.* at 14.

¶ 30                                   B. This Case

¶ 31        In this case, OSAD considered the following claims: (1) whether defendant's discovery violation has any arguable merit and (2) whether the trial court's *sua sponte* dismissal

of defendant's petition was appropriately timed after the 30-day period had passed for the State to answer or otherwise plead.

¶ 32                                    1. *Claim of Discovery Violation*

¶ 33          In his petition, defendant first argued that he should be allowed to withdraw his guilty plea because the State withheld audio/video evidence in discovery that defendant now claims was exculpatory. Defendant claimed that because of the discovery violation, he had no alternative but to plead guilty.

¶ 34          For defendant to successfully present a section 2-1401 claim, he must set forth specific factual allegations supporting the existence of a meritorious defense or claim, in this case a *Brady* violation. See *Brady v. Maryland*, 373 U.S. 83 (1963). Defendant's section 2-1401 petition claims that the State did send the discovery to defendant while he was in prison, but it was returned as undeliverable.

¶ 35          "[T]o succeed on a claimed *Brady* violation, a defendant must demonstrate that (1) the undisclosed evidence is favorable to him because it is either exculpatory or impeaching, (2) the evidence was either willfully or inadvertently withheld by the State, and (3) withholding the evidence resulted in prejudice to him." *People v. Anderson*, 375 Ill. App. 3d 990, 1011, 874 N.E.2d 277, 296 (2007).

¶ 36          Defendant's petition did not suggest what the video would show with any specificity. While defendant has iterated on multiple occasions his belief that this evidence is helpful to him, he made no claims as to what the evidence specifically contains. This was important to the trial court, which stated, "notably missing from the allegations of the petition are any facts as to what the audio/video evidence contained, or how that evidence 'clears' petitioner from guilt, blame, or fault for the charge he plead guilty to." Without these facts, we conclude that the

defendant has failed to show that the evidence was exculpatory or impeaching. Similarly, we conclude that because defendant did not state what the evidence contains, we cannot conclude that defendant was prejudiced. We therefore conclude that in relation to the first and third prongs, defendant failed to state facts sufficient to entitle him to relief.

¶ 37    We note that defendant filed a reply brief in this court in which he acknowledges that the State alleged on appeal his petition "lacked certain details" and yet he argues that there was information in his "last appeal which substantiate[s] the claims in the 2-1401 petition that the evidence exonerates him." Defendant did not include those details in his reply brief, nor did he explain how his prior appeal assists in the claim at hand. Therefore, nothing in defendant's reply changes our conclusion.

¶ 38                                      2. *Timing of Dismissal*

¶ 39    When a defendant files a section 2-1401 petition, the State has 30 days in which to answer the petition or otherwise plead in response. 735 ILCS 5/2-1401 (West 2016). After those 30 days have passed, the petition is ripe for adjudication. *People v. Laugharn*, 233 Ill. 2d 318, 323, 909 N.E.2d 802, 805 (2009).

¶ 40    Here, defendant filed his petition on July 31, 2017. The trial court dismissed it *sua sponte* on April 4, 2018, long after the 30-day period had passed. Therefore, the trial court properly dismissed the petition.

¶ 41                                      III. CONCLUSION

¶ 42    For the reasons stated, we grant OSAD's motion and affirm the trial court's judgment.

¶ 43    Affirmed.