NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180680-U

NO. 4-18-0680

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 11, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| MARC C. LEVI, | ) | No. 15CF1435 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We grant the Office of the State Appellate Defender's motion to withdraw as appellate counsel and affirm the trial court's judgment. Defendant was admonished his sentence would include a two-year term of mandatory supervised release.

¶ 2   This appeal comes to us on the motion of the Office of the State Appellate

Defender (OSAD) to withdraw as counsel on appeal on the ground no meritorious issues can be

raised in this case. We grant OSAD's motion and affirm.

¶ 3                                    I. BACKGROUND

¶ 4   In October 2015, the State charged defendant, Marc C. Levi, by information, with

two counts of unlawful possession of a weapon by a felon (counts I and II) (720 ILCS

5/24-1.1(a) (West 2014)), both Class 2 felonies, and one count of unlawful possession with intent

to deliver a controlled substance (count III) (720 ILCS 570/407(b)(2) (West 2014)), a Class 1 felony.

¶ 5    In August 2016, defendant pleaded guilty to count I in exchange for a four-year prison sentence and the dismissal of counts II and III. At the plea hearing, the trial court recited the terms of the plea, including the sentence and fines agreed to by the parties. The court admonished defendant, in part, as follows:

> "Now this is a Class 2 felony[.] It calls for a mandatory minimum sentence of 3 years[,] your maximum sentence could be fixed out to 14 years followed by a period of mandatory supervised release of 2 years[.]

Following admonishment and the State's assertion of the factual basis, defendant persisted in his guilty plea. The court accepted defendant's plea and sentenced him to four years in prison with credit for two days' time served. The court did not mention mandatory supervised release (MSR) in its pronouncement of defendant's sentence. However, the court's written sentencing order and sentencing judgment reflected a two-year MSR term in addition to defendant's four-year sentence.

¶ 6    In September 2018, defendant filed a *pro se* postconviction petition claiming the trial court's imposition of MSR after he completed his sentence resulted in a violation of his constitutional and due-process rights. Defendant alleged his MSR term was an extension of his sentence, which deprived him of his liberty and was unconstitutional based on double jeopardy grounds. Defendant also alleged he was not informed of the two-year MSR term prior to pleading guilty. The trial court issued a written order finding "the Defendant's petition is frivolous, patently without merit and is ordered dismissed."

¶ 7 In October 2018, defendant filed a notice of appeal and the trial court appointed OSAD to represent him. On May 20, 2020, OSAD filed the instant motion seeking to withdraw as appellate counsel and attaching a memorandum of law in support of the motion. This court mailed defendant a letter to his last known address, informing defendant he had been granted leave to file a response to appellate counsel's motion on or before June 24, 2020. The letter was returned to this court as undeliverable.

¶ 8 This appeal followed.

¶ 9                                  II. ANALYSIS

¶ 10 On appeal, OSAD identifies the following potential issue for review: whether the trial court properly dismissed defendant's postconviction petition, where defendant alleged the imposition of a two-year MSR term improperly extended his sentence and deprived him of the benefit of his guilty plea. OSAD maintains the issue lacks merit, and we agree.

¶ 11 Defendant can make no colorable claim the two-year term of MSR following his incarceration is unconstitutional because it improperly extended his sentence. Defendant's argument presupposes MSR is an additional sentence, separate and independent of his prison sentence. OSAD acknowledges our supreme court previously rejected similar arguments in *People v. McChriston*, 2014 IL 115310, 4 N.E.3d 29, and reaffirmed MSR automatically attaches to any prison sentence (*id.* ¶¶ 23, 31). "MSR is a mandatory part of a criminal sentence," and a defendant's MSR and prison term "are part of the same sentence, not two different sentences." *People v. Lee*, 2012 IL App (4th) 110403, ¶ 32, 979 N.E.2d 992. OSAD points out the written sentencing judgment stated defendant's sentence included a two-year MSR term. We find no reason to vacate defendant's MSR term as it was properly included by the trial court and defendant was properly admonished of this fact.

¶ 12        Defendant can make no colorable claim he was denied the benefit of his plea bargain because the trial court failed to admonish him of the two-year MSR term prior to entering his guilty plea. At a plea hearing, the trial court is required to admonish the defendant regarding, among other things, "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." Ill. S. Ct. R. 402(a)(2) (eff. July 1, 2012). "To substantially comply with Rule 402 and due process where a defendant enters into a negotiated plea for a specific sentence, the trial court must advise the defendant, prior to accepting his plea, that a term of MSR will be added to the sentence." *People v. Boykins*, 2017 IL 121365, ¶ 13, 93 N.E.3d 504. "[A]s long as the trial court informs a defendant at the time of his guilty plea that an MSR term must follow any prison sentence that is imposed upon him, he has received all the notice and all the due process to which he is entitled regarding MSR." *People v. Andrews*, 403 Ill. App. 3d 654, 665, 936 N.E.2d 648, 657 (2010).

¶ 13        Here, the trial court directly admonished defendant he would be required to serve a two-year MSR term in addition to his prison sentence, pursuant to his plea agreement. The court's admonishment was sufficient as "an ordinary person in the circumstances of the accused would understand it to convey the required warning." (Internal quotation marks omitted.) *People v. Morris*, 236 Ill. 2d 345, 366, 925 N.E.2d 1069, 1082 (2010). The court was not required to admonish defendant of all possible lengths of MSR but only of the applicable MSR term, which it did; and no due-process argument lies in enforcement of the plea agreement where defendant was admonished as required. Because defendant was properly admonished regarding the applicable MSR term which would follow his prison sentence, the claims in his petition for postconviction relief present no meritorious issues on appeal.

¶ 14                                          III. CONCLUSION

¶ 15            We grant OSAD's motion to withdraw as appellate counsel and affirm the trial

court's judgment.

¶ 16            Affirmed.