NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180580-U

NO. 4-18-0580

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 14, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| ANTHONY CHANDLER, | ) | No. 18CF241 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Nancy S. Fahey, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Steigmann and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted appointed counsel's motion to withdraw and affirmed the trial court's judgment, agreeing with counsel's conclusion no meritorious issues could be raised on appeal as to whether the trial court erred in summarily dismissing defendant's postconviction petition.

¶ 2    This appeal comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal because no meritorious issues can be raised in this case. On this court's own motion, we allowed defendant until April 29, 2020, to file a response to OSAD's motion. Defendant did not file a response. After our review, we grant OSAD's motion and affirm the trial court.

¶ 3                                    I. BACKGROUND

¶ 4    On April 23, 2018, the State charged defendant, Anthony Chandler, with two counts of domestic battery, subsequent offenses, alleging he caused bodily harm to the victim (count I)

and made contact of an insulting or provoking nature with the victim (count II). Superseding indictments charging the same offenses were returned on May 3, 2018.

¶ 5        On May 17, 2018, defendant pleaded guilty to count II in exchange for the State's dismissal of count I and agreement to recommend a sentence of four years' imprisonment. Due to prior convictions, defendant was extended-term eligible. The trial court admonished defendant before accepting his guilty plea. The following exchange occurred:

"THE COURT: It's my understanding you're pleading guilty to count II, domestic battery, subsequent offense, which is a Class 4 felony, count I would be dismissed, that's for four years in the Illinois Department of Corrections [(DOC)], two—four years mandatory supervised release [(MSR)], credit for 27 days' served toward your DOC sentence, credit for 28 days served at the rate of $5 per diem towards any costs, fees, fines, and assessments that are due and owing, leaving a balance of $730.

Is that your understanding of the agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you have any questions about any of that?

THE DEFENDANT: No, ma'am.

THE COURT: Class 4 felonies are punishable between—you're extended-term eligible so punishable between one and six years in [DOC], in your case four years' [MSR] because it's domestic battery, up to a $25,000—up to two and a half years' probation and up to $25,000 fine.

Do you understand the possible penalties for a Class 4 extended-term-eligible offense?

THE DEFENDANT: Yes, ma'am.

* * *

THE COURT: Okay. I'm gonna have you sign a jury waiver which indicates your intention to waive your right to a jury trial in this matter.

Show for the record that the defendant has signed the jury waiver. And, sir, once again, other than what I've been told, which is that you're pleading guilty to count II of the indictment filed May 3[ ], 2018, count I would be dismissed, that's domestic battery, subsequent offense, Class 4 felony, for four years in [DOC], four years [MSR], credit for 27 days served toward your DOC sentence, credit for 28 days served at the rate of $5 per diem toward costs, fees, fines and assessments leaving a balance of $730.

Other than that, has anything been promised to you to get you to enter into this agreement?

THE DEFENDANT: No, ma'am."

¶ 6        The trial court referenced a document entitled "Admonishment of Rights." This pre-printed form indicated that, if defendant were sentenced to DOC, he would serve four years MSR. The form also included a handwritten recitation of the plea agreement, which indicated a sentence of imprisonment of four years and a term of MSR for four years. Defendant signed the document, and the court had defendant orally confirm his signature.

¶ 7        Again, before imposing sentence, the trial court asked defendant if he had "anything to say before the court sentence[d] [him]," and defendant responded, "No, ma'am." The court sentenced defendant "[p]ursuant to the agreement" to "four years in [DOC], four years' [MSR.]"

The court entered a written sentencing judgment reflecting the sentence and MSR terms. Defendant did not file a direct appeal.

¶ 8        On August 13, 2018, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)), alleging the four-year MSR term "violates numerous amendments." Specifically, defendant alleged the imposition of MSR after serving his sentence was unconstitutional and violated the (1) fourth, fifth, sixth, eighth, and fourteenth amendments (U.S. Const., amends. IV, V, VI, VIII, XIV) and (2) double jeopardy clause.

¶ 9        On August 15, 2018, the trial court dismissed defendant's petition, finding "it to be without merit." On August 23, 2018, defendant filed a notice of appeal. On August 28, OSAD was appointed to represent defendant.

¶ 10        OSAD filed a motion to withdraw accompanied by a memorandum of law citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Defendant was provided notice of the motion. We gave defendant leave to file additional points and authorities on his behalf by April 29, 2020. Defendant did not do so.

¶ 11        This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13        In its motion to withdraw, OSAD alleges no colorable argument can be made that the trial court erred by summarily dismissing defendant's postconviction petition. Specifically, OSAD contends no colorable argument can be made (1) defendant did not receive proper admonishments regarding the imposition of the MSR term, (2) the imposition of MSR violates constitutional provisions, (3) the imposition of MSR conflicts with the day-for-day

good-conduct-credit statute, or (4) MSR is unconstitutional based on double jeopardy grounds. We agree with OSAD.

¶ 14　　　　"The Act provides a method by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Proceedings under the Act are divided into three stages. *Id.* at 10. At the first stage, the defendant must set forth only the "gist" of a constitutional claim. See *id.* at 9.

¶ 15　　　　During the first stage of proceedings, the court must determine whether the petition is frivolous or patently without merit. *Id.* at 10. A petition is frivolous or patently without merit when it has no arguable basis either in law or in fact. *Id.* "At this stage, the circuit court is not permitted to engage in any fact-finding or credibility determinations, as all well-pleaded facts that are not positively rebutted by the original trial record are to be taken as true." *People v. Scott*, 2011 IL App (1st) 100122, ¶ 23 (citing *People v. Coleman*, 183 Ill. 2d 366, 385 (1998)). We review the trial court's summary dismissal of a postconviction petition *de novo*. *People v. Tate*, 2012 IL 112214, ¶ 10.

¶ 16　　　　First, defendant can make no colorable argument that the trial court failed to admonish him he would be subject to a four-year MSR term. Per the applicable statute, the court was required to impose a four-year MSR term. 730 ILCS 5/5-8-1(6)(d) (West 2016) (for felony domestic battery, the MSR term "shall be written as part of the sentencing order and shall be *** four years."). Further, the record shows, prior to accepting defendant's guilty plea, the court specifically told defendant more than once there would be a four-year MSR term imposed. Defendant also signed the "Admonishment of Rights" document, which indicated in two separate places defendant would serve four years of MSR after his DOC term. See *People v. Lee*, 2012 IL

- 5 -

App (4th) 110403, ¶ 21 (notice and due process are satisfied when the trial court informs a defendant an MSR term will follow imprisonment before a defendant pleads guilty).

¶ 17    Second, in his postconviction petition, defendant raised a due-process concern that he did not receive the benefit of his bargain when the total of his prison term and the MSR term exceeds the "determinate and specific sentence." He cites as support *U.S. ex rel Miller v. McGinnis*, 774 F.2d 819 (7th Cir. 1985). However, our conclusion is not altered by *Miller*. There, the trial court informed the defendant that an MSR term could be added to the sentences for his crimes other than murder. *Id.* at 820. The court then sentenced him to 20 years for the murder to run concurrently with other lesser sentences for his other crimes. *Id.* at 823. The Seventh Circuit concluded that the defendant's due-process rights were violated because he was told he would receive a maximum sentence of 20 years, when in fact his sentence included the additional 3-year MSR period. *Id.* at 823-24. The trial court had made no mention of MSR being added to his prison sentence. *Id.* at 820-21. In contrast, here the trial court specifically told defendant that the MSR term would be added to his prison sentence.

¶ 18    Third, defendant can make no meritorious argument the imposition of MSR violates constitutional provisions, *i.e.*, the fourth, fifth, sixth, eighth, and fourteenth amendments. Defendant's arguments presuppose MSR is an *additional* sentence, separate and independent of his prison sentence. Illinois law does not consider MSR an additional sentence. This court previously clarified, "MSR is a mandatory part of a criminal sentence" and a defendant's MSR and prison term "are part of the same sentence, not two different sentences." *Lee*, 2012 IL App (4th) 110403, ¶ 32.

¶ 19    Fourth, defendant can make no meritorious argument MSR violates the day-for-day good-conduct-credit statute. Defendant argues good-conduct credit should also apply to his MSR

term as it does to his prison term. Otherwise, he claims, his sentence will exceed that allowed by law. However, his argument apparently is based on his assumption that good-conduct credit reduces his sentence. That is not the case. Section 3-6-3(a)(2.1) of the Unified Code of Corrections (Unified Code) expressly states, "Each day of [good-conduct] credit shall reduce by one day the prisoner's *period of imprisonment*," not his sentence. (Emphasis added.) 730 ILCS 5/3-6-3(a)(2.1) (West 2016). That is, a "period of imprisonment" is different from defendant's sentence. In fact, good-conduct credit can be revoked. See 730 ILCS 5/3-6-3(c) (West 2016). This court has previously held such good-behavior argument has no merit because it "confuses the parts (prison term and MSR term) for the whole (sentence) ***." *Lee*, 2012 IL App (4th) 110403, ¶ 33. Defendant's argument fails because the day-for-day good-conduct credit statute only serves to reduce the "period of imprisonment" and has no effect on defendant's sentence. *Id.* Further, section 3-3-8 of the Unified Code (730 ILCS 5/3-3-8 (West 2016)), which allows the Prisoner Review Board to reduce a defendant's period of MSR under its discretion and under certain circumstances, does not contemplate a similar day-for-day good-conduct-credit program.

¶ 20 Finally, defendant can make no colorable argument the MSR statute is unconstitutional because it subjects defendant to double jeopardy. As we have stated above, MSR is not a separate sentence but is a part of the whole. *Lee*, 2012 IL App (4th) 110403, ¶ 32. "MSR is a mandatory part of a criminal sentence" and a defendant's MSR and prison term "are part of the same sentence, not two different sentences." *Id.* MSR is not a form of incarceration. *Holly v. Montes*, 231 Ill. 2d 153, 166 (2008). Thus, defendant cannot reasonably argue he was sentenced or imprisoned twice for the same crime.

¶ 21 We agree with OSAD's assessment that no meritorious arguments can be raised on appeal. However, we note OSAD's reliance on *Finley* is illogical. As this court has recently

explained, *Finley* does not govern counsel's motion to withdraw on an appeal from the first-stage dismissal of a postconviction petition and any future references thereto should stop. See *People v. White*, 2020 IL App (4th) 160793, ¶ 49. Nevertheless, after examining the record, we agree with OSAD's assessment of the potential issues in this appeal. We find defendant can make no colorable argument worthy of consideration in this appeal.

¶ 22                                    III. CONCLUSION

¶ 23            For the foregoing reasons, we grant OSAD's motion to withdraw as counsel for defendant and affirm the trial court's judgment.

¶ 24            Affirmed.